CLYDE C. MOSSLANDER, APPELLEE, V. GEORGE C. ARM-
STRONG, APPELLANT.

FILED FEBRUARY 29, 1912. No. 16,597.

1. **Physicians and Surgeons:** MALPRACTICE: ADMISSION OF EVIDENCE: HARMLESS ERROR. In an action against a physician and surgeon for damages arising from the alleged unskilful treatment of plaintiff in an effort to cure an injury resulting from an accident, a witness, who was a nurse, was permitted to testify that from a conversation she had previously had with the defendant, which she detailed, she did not think his standard of "technique" was equal to the standard of other physicians in the locality in which he resided and practiced his profession. *Held,* That the admission of the evidence over defendant's objection was erroneous, but that in view of the instructions of the court, and the testimony of other physicians as to defendant's reputation and standing as an educated and competent physician and surgeon, the error was without prejudice.

2. **Trial:** INSTRUCTIONS. In considering an instruction stating the averments of a pleading, effect will be given to the whole thereof, and not to a technical error in the failure to use apt language, if it sufficiently contains the substance of such pleading and is not liable to be misunderstood by the jury.

3. **Pleading:** SUFFICIENCY OF REPLY. "The reply should show specifically what allegations of the answer are denied, but if a reply denies 'each and every allegation of new matter' and is not assailed by motion, it will be held good after verdict." *Western Mattress Co. v. Potter,* 1 Neb. (Unof.) 627.

4. **Physicians and Surgeons:** MALPRACTICE: INSTRUCTIONS. Plaintiff asked and the court gave an instruction to the effect that defendant had no right to make any other or different incision in plaintiff's foot than he had obtained permission or plaintiff had requested him to make. Defendant asked and the court gave an instruction that "consent to an operation will be pre-

sumed from voluntary submission to it, and the burden is on the plaintiff to prove the contrary." *Held*, That the two instructions, when taken together, correctly state the law.

5. **Instructions** given and refused are examined, and no prejudicial error is found therein.

6. **Damages.** The damages awarded by the jury are examined and found not so excessive as to require the intervention of the court.

7. **Appeal:** AFFIRMANCE: COSTS. The verdict awarded $2,000 as damages, and to which was separately added $169.13 as interest, making a total of $2,169.13, for which judgment was rendered. After the appeal was taken by defendant, and all briefs filed, plaintiff filed a remittitur of $169.13, the interest allowed, and asked that the judgment be modified and affirmed for $2,000. *Held*, That the judgment would be so modified and affirmed, but that all the costs made after the rendition of the judgment by the district court, including the costs of the supreme court, should be taxed to plaintiff.

APPEAL from the district court for Furnas county: ROBERT C. ORR, JUDGE. *Affirmed.*

*W. S. Morlan,* for appellant.

*Perry, Lambe & Butler, contra.*

REESE, C. J.

This is an action by the plaintiff against the defendant, a physician and surgeon, for damages alleged to have been sustained by reason of the negligent and unskilful treatment of plaintiff as the patient of defendant in and about the treatment of plaintiff, who had been injured by stepping upon a sewing needle, which had punctured his foot, and the point of the needle was supposed to have remained within the punctured wound in the ball of the foot near or about the joint of the great toe. No serious question arises with reference to the pleadings. The facts alleged, and so far as undisputed, are that late in the evening, or early morning, on or about the 7th day of August, 1908, plaintiff stepped upon an ordinary sewing needle on or in

the carpet in his bedroom and by which the needle was driven into his foot, puncturing it. At the time of the accident plaintiff searched the floor for the needle, and found that it had been broken into probably three pieces, two of which, constituting the major portion of the needle, were found, the remainder, consisting of the point, was not found. The next morning he called at defendant's office, when defendant made an incision into the foot in search for the needle-point, but none was found. The foot became infected. Two other incisions were made in the effort to arrest and cure the blood poisoning, but seemed not to be successful, when other physicians were called, and it was found necessary to amputate the great toe, which was done, and soon thereafter plaintiff was removed to a hospital, where a recovery followed. The chief contention upon the trial arose over the question of the care and skill, or want thereof, in the use, or failure to use, proper antiseptics in the surgical treatment of plaintiff's foot by defendant; it being alleged and claimed by plaintiff that, by reason of the failure of defendant to guard against infection, the blood poisoning was promoted and the amputation rendered necessary. The testimony as to the course pursued by defendant in the treatment of plaintiff's foot is sharply conflicting on almost every feature of the case. The result of the trial was a verdict in favor of plaintiff, upon which judgment was rendered. Defendant appeals.

The errors assigned in this court are: First. "Errors of law occurring on the trial and duly excepted to by the defendant." The second to the eleventh, inclusive, consist of alleged errors in giving certain instructions to the jury and in refusing to give instructions asked by defendant—the instructions being separately referred to in the assignments; twelfth and thirteenth, that the damages are excessive.

Under the first assignment, the only question discussed in defendant's brief is as to alleged errors of the court in admitting immaterial and irrelevant testimony. The tes-

timony objected to is too long to be here copied. It is the testimony of a nurse, who attended plaintiff at the hospital to which he was removed, and who had waited upon him to some extent at his home before his removal, and which may be epitomized to be: That she was familiar with the standard of technique used in the hospital where she was employed and among physicians and surgeons in that vicinity; that the standard was that before a surgical operation is performed, and during the time, "the instruments are thoroughly sterilized and the dressings are thoroughly sterilized, and the patient is prepared for several days prior to a major operation;" that she was acquainted with defendant, and had had occasion to learn from him what his opinion of that standard was; that some three weeks prior to plaintiff's accident she had a conversation with defendant, in which they discussed surgery in general, and he gave his idea of asepsis; that he stated that certain well-known and leading surgeons in Illinois and Minnesota played to the galleries, and that he could "go out into the country and take a bar of White Russian soap and prepare a patient for an operation in ten minutes and get the same results that those surgeons could in their weeks of preparation;" that defendant's opinion of technique was not up to the other physicians in the community where he resided and practiced, but was below them. The definition and description of "technique" was not objectionable, the witness showing some knowledge upon the subject, and it could result in no possible prejudice to defendant, for all the physicians who testified upon that matter fully agreed with her, but with more elaboration. There was no difference upon that subject. Her comparison of defendant's views and his standard of technique with other physicians was objectionable, and the objection should have been sustained. We know of no rule of law or evidence which sanctions such a procedure. In addition to the evidence of defendant's high standing in his profession, the court, upon the request of plaintiff, instructed the jury that the question of defend-

ant's liability did not depend upon the skill he possessed, but upon whether he applied that reasonable degree of skill and diligence ordinarily possessed and used by other physicians in that and similar localities. This eliminated the question of his knowledge of technique. The statute (code, sec. 145) provides that courts "must disregard any error or defect in the pleadings or proceedings which does not affect the substantial rights of the adverse party; and no judgment shall be reversed or affected by reason of such error or defect." The question then arises: Did the error have that effect, or could it? From a reading of the bill of exceptions, it must be conceded that the learning and ability of defendant as a physician and surgeon was fully and completely established and shown by the testimony of all the men of the profession who testified upon that subject. They were interrogated by defendant's counsel directly and explicitly thereon, and, indeed, there was no contrary contention. It is to be observed that the nurse testified only as to defendant's "standard of technique," and not as to his knowledge, ability or standing generally in his profession. While the admission of the evidence was erroneous, we are unable to see that any prejudice resulted, or could result, therefrom.

There is also some objection to the admitted testimony of plaintiff and one of the physicians who was called as a witness by him. Upon a careful consideration of the rulings complained of, we are unable to see any reversible error, and will not notice the subject further.

The next contention is that there was manifest error in the instructions given to the jury. The transcript contains 36 instructions given. That the jury were thoroughly instructed cannot well be doubted in so far as volume is concerned. The practice of overloading juries with a great number of instructions has been freely condemned by this court. As we said in *City of Beatrice v. Leary*, 45 Neb. 149: "Instructions in a case should be few in number and should present to the jury the law applicable to the issues in the case in simple language and

terse sentences." But "a judgment will not be reversed on account of the number of instructions given to the jury by the trial court, unless it clearly appears that the party complaining is prejudiced thereby." *Omaha Street R. Co. v. Boesen,* 68 Neb. 437. No objection is made on this ground, but we deem it proper to refer to it.

The brief of appellant consists of 28 pages of carefully prepared criticisms upon instructions given and the action of the court in refusing to give a portion of those requested by defendant. Many of the points presented are quite technical and not entitled to consideration. Where not contradictory, instructions should be considered as a whole.

The first instruction given by the court upon its own motion is of considerable length and will not be copied. It consists of a statement of the averments of the petition. The opening sentence is that the action is brought "to recover the sum of $5,000 as damages, on account of the failure of the defendant to properly treat and care for an injured foot of the defendant." (The word "defendant" is conceded to be a clerical or inadvertent error.) The objection to the instruction is that it fails to use the word "alleged" or one of similar import, but practically informs the jury that there was a failure to properly treat plaintiff's foot and the suit is brought on that "account." It is true that the instruction would have been more skilfully drawn had it contained a statement of what the *allegations* of the petition were, instead of telling the jury what the suit was *for*. The language above quoted is followed by a statement of what the plaintiff "alleges in his petition," and the statement properly covers those allegations. We can detect nothing which by any reasonable interpretation could, in view of other instructions, have any tendency to mislead the jury as to what the issues were. The second and third instructions in a condensed form fully state the contents of the answer that it admitted that he was a physician and surgeon, denied all other allegations of the petition, and alleged that whatever damages 'plain-

tiff sustained, if any, were by reason of his own contributory negligence.

The third instruction told the jury that the reply denied "each and every allegation of new matter" in the answer. Objection is made to the words "new matter." These words are copied from the reply. The attack should have been made upon the reply, instead of upon the instruction, which followed its language. In *Western Mattress Co. v. Potter,* 1 Neb. (Unof.) 627, we held that, "if a reply denies 'each and every allegation of new matter' and is not assailed by motion, it will be held good after verdict." It is also the well-settled law of this state that if a cause is tried upon the theory that the averments of an answer are denied, even if no reply is filed, objection cannot afterward be successfully made to the pleadings in that regard.

In instruction numbered $4\frac{1}{2}$, informing the jury of the material allegations of the petition which must be established by plaintiff, the fourth subdivision thereof was that, "on account" of the negligence, etc., the plaintiff suffered the injuries complained of. In other words, the jury must find that the injury was suffered on account of the negligence. The same meaning would have been conveyed had the language been "by reason of." The contention is without merit.

The petition alleges that the treatment of plaintiff's foot by defendant was careless, negligent, and unskilful. There was evidence which tended to prove that an incision made in plaintiff's foot, so soon after he had stepped upon and punctured his foot with the needle, was not skilful nor necessary treatment. Plaintiff testified that he was not asked for, nor did he give, his permission to the making of that incision. The court instructed the jury that defendant "had no right to make any other or different incision in the foot of the plaintiff than defendant had obtained permission or plaintiff had requested him to make." The defendant asked and the court gave instruction numbered 14 of those requested by him, in which it is said: "Consent to an operation will be presumed from

voluntary submission to it, and the burden is on plaintiff to prove the contrary." These two instructions, when taken together, stated the law correctly. That consent is a necessary prerequisite to an operation where no emergency exists rendering it impracticable to confer with the patient, see 30 Cyc. 1576; *Mohr v. Williams*, 95 Minn. 261; 1 Kinkead, Commentaries on Torts, sec. 375. But that consent will be presumed in the absence of fraud or misrepresentation, see *M'Clallen v. Adams*, 19 Pick. (Mass.) 333. It is true, as insisted by defendant's counsel, that instructions must be based upon the pleadings. The petition alleged the careless, negligent and unskilful treatment, and testimony was introduced to show that the operation was a part of the unskilful treatment. Even though the operation might not have been necessary, yet, had plaintiff requested or consented to the operation, such consent or request would be a defense, in so far as that part of the case was concerned.

Complaint is made that the court refused to submit defendant's theory of the case to the jury by proper instructions. This contention is not sustained by the record. There were 11 instructions given upon defendant's request. These, with the instructions given by the court upon its own motion, sufficiently submitted all material phases of the case. The first instruction asked by defendant and refused does not contain a correct statement of the law. It is to the effect that if plaintiff's foot was infected at the time he first called upon defendant for treatment, and that such infection produced the injury complained of, the verdict must be in favor of defendant. This left the question of unskilful treatment subsequent to the beginning of the treatment entirely out of the case. The proof is clear that infection can often be successfully treated. There was no error in the refusal to give the instruction. The second instruction, also refused as asked, but modified and given, was in part a repetition of the first. The remainder thereof was sufficiently covered by its modification by the court and other instruc-

tions given. Other instructions are criticised with the technical nicety of a purist. We are unable to find anything therein which can fairly be said to be prejudicial to defendant.

It is insisted that the damages awarded are excessive. The verdict and judgment were for the sum of $2,000, plus interest to be hereafter noted. A resume of the evidence can hardly be said to be necessary here. If defendant was negligent (and of that the jury were the judges), and if plaintiff was guilty of no contributory negligence (and of which the jury were the judges under the evidence), and his sufferings and present and past conditions are attributable to the negligence of defendant (and of which the jury were the judges), the verdict, while probably somewhat liberal, cannot be said to be so far in excess of compensation as to require the interference of the court.

By the verdict the jury found in favor of plaintiff and assessed "the amount of his recovery at the sum of $2,000, and interest thereon at the rate of 7 per cent. per annum from the 12th day of August, 1908, a total of $2,169.13," for which amount judgment was rendered. It is conceded by plaintiff that he was not entitled to interest on the damages assessed, and he filed a remittitur of the interest allowed by the jury, and consents that the judgment be modified and affirmed for $2,000 as of date of its rendition, to wit, October 30, 1909. The judgment will therefore be so modified. The remittitur was filed in this court after the appeal had been taken and all briefs filed. Therefore the costs made after the rendition of the judgment by the district court and the costs in this court will be taxed to plaintiff.

The judgment of the district court for and to the amount of $2,000 is affirmed, and the costs taxed to plaintiff as above.

AFFIRMED.

SEDGWICK, J., dissenting.

1. It appears from the opinion that the nurse, when

upon the witness-stand, testified to her opinion as to the quality of the defendant's technique. She testified that it was in her judgment not as good as other physicians' in that neighborhood whom she mentioned. By technique she meant the proper and necessary preparation, the cleansing of the wound and of the instruments, etc. If he did not attend to this properly he was negligent and would be liable for the consequences. The measure of the care required from him would be that which was recognized as necessary by the profession in that locality, so that when this witness stated her conclusion upon that point she appears to have stated the precise thing that the jury were called upon to determine. Generally, we have held such evidence to be prejudicial.

2. The third paragraph of the syllabus does not meet any contention of the parties. It is not insisted in the brief that the reply was insufficient. The point made in the brief is that the instruction of the court did not plainly state the issue. The court told the jury that the defendant denied the allegations of "new matter" in the answer, but did not tell the jury what those allegations of new matter were, and so did not tell the jury what the plaintiff denied in the reply. This is the point made in the brief and is not determined in the opinion. This objection seems to be well taken.

3. Again, the discussion in the fourth paragraph does not meet the point raised by the defendant. He does not insist that these two instructions, taken together, do not correctly state the law. He admits that they do, but what he says is that they state the law upon an issue that was not in the case at all, and that, under the circumstances, this statement was very misleading to the jury. This is the reason he criticises this instruction; that is, he objects to the court putting before the jury the issue as to whether the plaintiff consented that the defendant should make an incision in the foot. And the objection seems to have merit.

4. The fifth paragraph approves of the instructions in

bulk without mentioning them. The defendant asked the court to instruct the jury as follows: "The court instructs the jury, if you find from the evidence that plaintiff's foot was infected at the time he first came to defendant for treatment, that such infection produced the injury of which plaintiff complains, and that ordinary care, skill and diligence on the part of the defendant would not have prevented such injury, then it is immaterial whether defendant used ordinary care, skill and diligence, and your verdict must be for the defendant." The court modified the instruction by adding to it the following: "That is, if he used ordinary skill, care and diligence, considering that infection already existed, in caring for the same." This modification made the instruction unintelligible. The instruction, as offered, stated that it was immaterial whether the defendant used ordinary care, skill and diligence under the conditions recited in the instruction, and this modification tells the jury that this is so if he did use ordinary care, skill and diligence, considering that infection already existed. The instruction, as offered, was technically correct. I suppose it must be true that if the foot was so infected at the time that the defendant was first called that ordinary care, skill and diligence on the part of the defendant would not have prevented the injury complained of, the plaintiff could not recover. The court might have given another instruction, plainly stating the idea involved in the offered instruction, and so framed it that there would be no danger of misleading the jury. I think that this instruction, as modified, was erroneous.