OMAHA STREET RAILWAY COMPANY V. JOHN BOESEN.

FILED APRIL 9, 1903. No. 12,649.

1. Appeal and Error: INSTRUCTIONS. A judgment will not be reversed on account of the number of instructions given to the jury by the trial court, unless it clearly appears that the party complaining is prejudiced thereby.

2. Burden of Proof. The giving of an instruction which places the burden of proof to establish some of the facts put in issue by the pleadings on the wrong party, is reversible error.

3. Instructions. It is error to give the jury instructions which contain inconsistent and conflicting paragraphs relating to the burden of proof. *Farmers' Bank v. Harshman*, 33 Neb. 445, approved and followed.

4. ———: THEORY OF CASE. A party is entitled to have his theory of

his case, as disclosed by the evidence, submitted to the jury, under proper instructions, and where such an instruction is tendered to the court the refusal to give it is reversible error.

ERROR to the district court for Douglas county: WIL-LARD W. SLABAUGH, DISTRICT JUDGE. *Reversed.*

*John L. Webster,* for plaintiff in error.

*T. W. Blackburn* and *Richard S. Horton, contra.*

BARNES, C.

The defendant in error filed his amended petition in the district court for Douglas county to recover damages of the Omaha Street Railway Company, alleged to have been sus tained by him by reason of the negligence of said company. It was alleged in the petition, in substance, that the Omaha Street Railway Company was a corporation organized and existing under and by virtue of the laws of this state; that at the time stated therein it owned and operated a certain street railway, known as the Omaha Street Railway, running through the streets of the city of Omaha, and extending to and through the streets of South Omaha, in Douglas county, and that it was a common carrier of passengers for hire upon said street railway; that on the 15th day of July, 1899, he became a passenger on said street railway, at the special instance and request of said company, to be carried safely from the intersection of Eighteenth and Vinton streets in the city of Omaha, to and along Q street in the city of South Omaha, on a car owned and operated by the said company, for a certain reward to be paid therefor; that while he was a passenger on one of the cars of said street railway company, the car upon which he had taken passage, when it reached a point in South Omaha at or about the intersection of Twenty-fourth and O streets, through the negligence of the said company, suddenly left the track and threw him violently to the pavement, inflicting upon him serious and permanent injuries; that by reason of the accident he was bruised and

wounded so that he became sick, sore and disabled, and was permanently injured, to his damage in the sum of $20,000, for which he prayed judgment. The street railway company filed a motion to make the petition more definite and certain, and to require the plaintiff to state in his petition more specifically the acts of negligence of which he complained. The motion was overruled, and thereupon the company filed a general demurrer to the petition, which was also overruled. An answer to the amended petition was then filed, in which it was first denied that the car of the defendant company, through the negligence of the defendant, left the track and threw the plaintiff to the pavement; and it was alleged in the answer that defendant was not guilty of any negligence whatever. And it was averred therein that at the time and place where the said accident was alleged to have occurred, that defendant's car was in good order and condition; that it had been theretofore and remained thereafter in every respect in good condition, and was of the style and manner of construction of car in common use; that the accident did not arise from any imperfection of the car, or from any cause that could have been guarded against by the use of the greatest care and skill on defendant's part. It was further averred that the track of the defendant company, at the time and place where the said accident was alleged to have occurred, was in good order and condition; that there were no breaks or imperfections therein; that it was in the same condition at the time of the accident that it had been theretofore, and remained for a considerable time thereafter; that the cars were operated over and upon said track at said point every few minutes during all hours of the day; that it had been so used for a long time before and continued to be used thereafter without any occasion for any repairs, improvements, or changes in said track; that said accident, if any there was, arose from an extraneous cause, over which the defendant company had no control, and said accident was one which could not be guarded against by the use of the greatest degree of care and skill on the part of the defend-

ant company; that the car did not leave the track, but continued on the same to the end of the journey, at the southern termination of said track, and then returned on its regular route, passing over the same point in the track, and so on, and so continued in use and operation; that plaintiff was guilty of contributory negligence by standing and riding upon the platform of the car when there was ample room for him to have occupied a seat inside of the car; that he willfully, negligently and knowingly chose of his own accord to ride on said platform of the car; and that his injuries, if any, were occasioned by his own contributory negligence. The reply contained a denial of each and every allegation of new matter contained in the answer. On these issues the cause was tried to a jury, and resulted in a verdict for $1,126 against the defendant company. A motion for a new trial was filed and overruled, judgment was rendered on the verdict, and the street railway company prosecuted error to this court.

The first assignment discussed in the brief of the plaintiff in error is that the instructions given by the court were too voluminous, were confusing and misleading, and did not confine the attention of the jury to the real questions at issue. An examination of the record and bill of exceptions discloses that there were but three questions of fact to be submitted to the jury: First—Did the car leave the track or become derailed and thereby throw the defendant in error into the street? Second—If the car did leave the track could such accident have been prevented by the use of the highest degree of care and skill on the part of the defendant company? Third—If the car did not leave the track, did the defendant in error jump from it, with other passengers, while it was in motion, and as a result thereof fall into the street, and receive the injury which he complained of? The instructions of the court should have been few and brief, and directed to the particular questions at issue. Yet they contained fourteen paragraphs, some of which were misleading and contradictory. It was stated by this court in the *City of*

*Beatrice v. Leary,* 45 Neb. 149, 160, 50 Am. St. Rep. 546, that the jury in that case was instructed too much. The court said: "At the request of the plaintiff the court gave the jury twelve instructions; at the request of the city, fifteen; and in addition to these there were six paragraphs or instructions in the charge given by the court to the jury on its own motion. Instructions in a case should be few in number and should present to the jury the law applicable to the issues in the case in simple language and terse sentences. Numerous instructions, or instructions with long and involved sentences, are more likely to confuse the jury and lead it astray than to enlighten it and direct it to the material points of the case." And yet the court in that case affirmed the judgment. We think the rule stated is a correct one, but we have been unable to find a case where the judgment was reversed for the sole reason that too many instructions were given, or, in other words, because the jury was over-instructed. We are unable to say, after an examination of the instructions, that the judgment should be reversed because of the number of paragraphs contained in the charge of the court.

The second assignment of error presented is that the court erred in giving instruction No. 2 to the jury, because it was confusing and misleading. The first paragraph of this instruction is as follows:

"You are instructed that the burden of proof is upon the plaintiff to establish by a preponderance of the evidence that he was injured while a passenger of the defendant, the extent of his injuries and the damage occasioned thereby."

This part of the instruction may be corrct as a general proposition, but it was hardly correct taken in connection with the allegations of the petition and the proof adduced on the trial. The real question here was, was the plaintiff injured by the derailment of the train? Was he thereby thrown from the car and injured, or was he injured by jumping from the car while the train was in motion? There was no question but that the plaintiff had been a

passenger on the car. It was admitted that he got aboard the train at Omaha, and continued as a passenger up to the moment when he left the car either voluntarily or by force of a derailment. It was alleged in his petition that he was thrown from the car by the derailment thereof, and that such derailment was caused by the negligence of the street railway company. It may be stated, as a general proposition, that a street railway company is a common carrier of passengers for hire; that ordinarily it will be sufficient for one to show that he was a passenger, that while such passenger he was injured, and the extent of such injuries. It will then develop upon the company to show that the injury occurred without any negligence on its part, and that by the exercise of the highest degree of care it could not have prevented such injury. It will be found, however, that this doctrine has been laid down in cases where there was a collision, or where the person injured had been struck or run over by a street car—in short, in cases where the undisputed cause of the injury fairly raised the presumption of negligence. In the case at bar, however, there was no collision. The plaintiff was not run over or struck by the street car, but he alleged, as a substantive part of his case, that he was thrown from the car by a derailment of it, caused by the negligence of the company; and it would seem that before he could make his case it would be necessary to show at least that he was thrown from the car as alleged in his petition, before any presumption of negligence could arise. That this was the understanding of his counsel there can be no doubt, bcause in making his proof the plaintiff assumed that burden. The second paragraph of this instruction, however, is the one most complained of. It is as follows:

"And the burden of proof is upon the defendant to show by a preponderance of the evidence that such injuries, if any, were received while a passenger, by being thrown from a car because of the derailment thereof, were without fault on defendant's part, and that they could not have been avoided by the exercise of the highest degree of skill and

diligence on the part of the defendant, consistent with its business."

By this paragraph the court attempted to tell the jury on whom the burden of proof rested. It is certainly vague, confusing and uncertain. It placed the burden of proof on the defendant to show that the injuries received by the plaintiff, if any, were received while a passenger; that the injuries were received by being thrown from the car because of the derailment thereof, notwithstanding the defendant had generally and specifically denied that its car was ever derailed, or that the plaintiff was thrown therefrom by reason of its derailment; that the injuries which the plaintiff received were without fault on its part; and that the injuries could not have been avoided by the exercise of the highest degree of skill and diligence on the part of the defendant. It can not be said that the defendant company was required to prove that plaintiff's injuries were received while he was a passenger on the car when it had specifically denied that he had received any injuries at all, and alleged that if any such injuries were received they were caused by the contributory negligence of the plaintiff himself, and not by reason of any negligence of the company. Neither can it be successfully claimed that defendant was required to prove that the plaintiff's injuries were caused by a derailment of the car, when it had specifically denied that fact. That the court erred in giving this instruction can not be questioned. Again, the instruction assumed that there was a derailment of the car. Up to the time of giving the part of it above quoted, the court had not instructed the jury that it was necessary for them to find from the evidence whether the car was derailed or not. On this question there was a sharp conflict of evidence. The plaintiff, and at least three other witnesses, testified that the car was derailed, and the plaintiff stated that the derailment was what threw him from the car onto the pavement and caused his injury. Four or five witnesses for the defendant company testified that the car was not derailed at all, and

these witnesses were in a better position to observe the condition of the car, to know what occurred, and to state whether or not it was derailed, than were the witnesses who testified for the plaintiff. There was evidence introduced by the defendant which showed that the car was one of ordinary construction, and suitable for the use that was being made of it; that it was in perfect repair, in good condition as to its trucks, wheels and all of its parts; that there was no defect whatever in the street car track at the place where the accident was alleged to have occurred; and that there was nothing in the circumstances or surroundings, in the construction, equipment or condition of the car, or of the street railway track, which would have derailed the car. This testimony was undisputed, so that the court should not have assumed that the car was derailed, but should have submitted that question to the jury under proper instructions. Again, this instruction was in conflict and inconsistent with instruction No. 6, given by the court on his own motion, which is as follows:

"The jury are instructed that, under the pleadings and the proofs in this case, the plaintiff is not entitled to recover, unless he has established by a preponderance of the evidence that while he was a passenger on the defendant's car, the car left the track, and thereby threw the plaintiff from the car into the street, and that the injuries of which he complains resulted therefrom."

From an examination of the record, it is impossible for us to determine whether the jury were governed by instruction No. 2, or the instruction last above quoted, which is inconsistent therewith.

For these reasons we hold that in giving this instruction there was reversible error.

The plaintiff in error further contends that the court erred in refusing to give the third paragraph of the instruction requested by the defendant company. The request is as follows:

"The jury are instructed that if you believe from the evidence that the plaintiff was not thrown from the car,

but that he attempted to get off the car while it was in motion and fell into the street, then he can not recover damages, and your verdict should be for the defendant."

Without commenting at length on the evidence, it is sufficient to say that the bill of exceptions discloses that at the time the accident is alleged to have occurred, the train of street cars upon which the defendant in error was riding was slowing up and about to stop, so that the persons riding thereon could pass over to the Q street car, which was waiting for them, and thus proceed on their way to the packing houses where they were employed; that there were so many passengers on the train that it was impossible for them all to get into the single car on the Q street track; that they commenced jumping off and running to get seats in that car; that those who got there first thus obtained a ride to the packing houses, while those who delayed were obliged to walk; that none of the other passengers were thrown from the car or fell in the street; it appeared that no one else suffered any injury or inconvenience whatsoever. So there was at least some evidence from which the jury might reasonably have found that the defendant in error was injured by jumping from the car in his haste to run and catch the Q street car. This was the theory of the defense. The plaintiff in error, after having shown conclusively that the car from which the defendant herein claims he was thrown was in good condition in all respects and suitable for the purposes for which it was used, that its track was in perfect order and that there was no apparent cause or reason for the derailment of the car, introduced proof tending to show that it was not derailed, and that the defendant might have been injured by jumping off from the car while it was still in motion, in his haste to secure a seat in the Q street car. Under such circumstances, it was entitled to have its theory of the case submitted to the jury by a proper instruction. *Hartwig v. Gordon,* 37 Neb. 657, 662; *Cunningham v. Fuller,* 35 Neb. 58; *Hockenberger v. State,* 49 Neb. 706; *Powder River Live Stock Co. v. Lamb,* 38 Neb. 339. The refusal to give this instruction was reversible error,

The petition contains many other assignments of error, among which is the misconduct of a member of the jury. It is unnecessary, however, to pass upon any of these questions, because a new trial must be awarded on account of the errors above mentioned.

We therefore recommend that the judgment of the district court be reversed, and the cause remanded for a new trial.

OLDHAM and POUND, CC., concur.

By the Court: For the reasons given in the foregoing opinion, the judgment of the district court is reversed and the cause remanded for a new trial.

REVERSED AND REMANDED.