NELLIE NEELEY, APPELLEE, V. HELEN TRAUTWEIN ET AL., APPELLANTS.

FILED JULY 12, 1907. No. 14,936.

1. Instructions must be considered together, and their true meaning and effect must be determined by considering all that is stated on each particular subject or branch of the case.

2. Instructions examined, and found not objectionable as giving undue prominence to portions of the evidence.

3. Question for Jury. The question of the veracity of witnesses is for the jury.

APPEAL from the district court for Lancaster county: ALBERT J. CORNISH, JUDGE. *Affirmed.*

*Billingsley & Greene,* for appellants.

*H. F. Guile, J. M. Guile* and *B. F. Johnson, contra.*

CALKINS, C.

Mrs. Meserve was a masseuse, and in February, 1905, she was the proprietor of Meserve's Massage Parlors in Lincoln. At this time the plaintiff became connected

with the business, going there, as she claims, under an agreement that Mrs. Meserve was to attempt to teach her the trade, and, if she succeeded in learning it, she was to buy the fixtures and good-will of the business. This arrangement, it is claimed, was carried out by the plaintiff, on the 15th of April, purchasing the fixtures and good-will for the sum of $300. It is not denied that this sum was an adequate price, but the defendants claim that the plaintiff was only an employee, and that the sale was a pretended one. The defendants on the 8th day of May, 1905, recovered a judgment against Mrs. Meserve in justice court, and on the same day caused an execution to be issued and levied upon a part of the fixtures of the business, as aforesaid claimed to have been purchased by the plaintiff. This the plaintiff seeks to recover by replevin in this action. There was a trial to a jury in the district court, and a verdict for the plaintiff. From a judgment upon this verdict the defendants appeal.

1. The fifth instruction given by the court to the jury upon its own motion was as follows: "You are instructed that, if you find that the property in controversy had been the property of Mrs. Meserve and in her possession, and that until the constable levied upon and took the same there had been no change of possession evidenced by any acts that would give notice to outsiders of such change, such as a change of location of the property, or transfer of the keys where the property was kept, change of business signs, change of business advertising, change of dominion or control thereof, or other visible acts indicating a change of ownership to such an extent that one would say there had been no apparent change of possession, and, if you find that Helen Trautwein was a creditor of Mrs. Meserve at the time said property was taken in execution, then the sale claimed by the plaintiff is presumed to be fraudulent and void, and the burden of proof is upon the plaintiff in such case to establish that such purchase was made in good faith and without fraudulent intent. The burden, however, in this case would be

upon the defendants to show that there was no apparent change of possession such as above indicated, provided you find that at the time of the levy the goods were in the immediate possession of the plaintiff." The defendants especially object to the last clause of this instruction, and contend that it was the only instruction given as to the burden of proof, and that, while nothing less than proof of changed ownership would support the plaintiff's claim, this instruction adopts a different rule. Instructions must, however, be considered together. *Philamalee v. State,* 58 Neb. 320. Their true meaning and effect must be determined by considering all that is stated on each particular subject or branch of the case. *St. Louis v. State,* 8 Neb. 405. In the fourth instruction the jury were told that a sale made by one of goods and chattels in his possession is presumed to be fraudulent and void as to his creditors, unless such sale be accompanied by an immediate delivery and be followed by the actual and continued change of possession of the thing sold, and is conclusive evidence of fraud, unless it be made to appear on the part of the person claiming under such sale that the same was made in good faith and without any intent to defraud such creditors. When the jury were told that the failure to make a delivery, followed by an actual and continued change of possession, would be conclusive evidence of fraud, unless it was made to appear by the person claiming under sale that the same was made in good faith, they were clearly told that the plaintiff in such case must prove her *bona fides,* and it was thus informed where the *onus probandi* lay. It is not necessary to use the words "burden of proof" in instructing a jury. Other words may as well and aptly convey the idea. If the last clause in instruction No. 5 had unconditionally stated that the burden of proof was upon the defendants to show the want of delivery and that there was no apparent change in possession, the question the defendants now seek to raise would have been presented. This clause

was, however, limited by the statement, "provided you find that at the time of the levy the goods were in the immediate possession of the plaintiff." If the goods were in the immediate possession of the plaintiff at the time of the levy, and there was evidence that would have supported such a finding, then there was such a change of possession as is required by the statute, and the presumption of fraud fails. If the delivery is made at any time before the levy it is sufficient. The term creditors in the statute under consideration means attaching or execution creditors, and they must perfect their lien by a levy before delivery in order to claim the benefit of its presumption. *Forrester & Co. v. Kearney Nat. Bank,* 49 Neb. 655; *Meyer & Raapke v. Miller,* 51 Neb. 620; *Wilson v. Lewis,* 63 Neb. 617. If this clause would have been objectionable without the proviso, it was thereby made harmless to defendants.

2. The defendants also object to instructions Nos. 6 and 8 as slighting the evidence. Instruction No. 6 stated that the failure of a purchaser of goods to take possession of the kind described in instruction No. 5 does not render the sale conclusively void as against creditors; it merely casts upon the purchaser the burden of proving his good faith in the transaction after it has been shown that there was no apparent change of possession; that, if they found that the plaintiff was a purchaser in good faith of the goods in controversy without the knowledge of any fraudulent intent upon the part of Mrs. Meserve, the failure upon her part to take possession would not render the sale to her void. Instruction No. 8 was to the effect that a change of location of the property sold is not necessary to make a *bona fide* sale, if from all the evidence the jury find that, notwithstanding there was no change in the location of the property, the purchase was made in good faith; that, on the other hand, the fact that there was or was not a change in the location of the property sold is one proper to be considered in so far as it may bear upon the question whether or not there was an apparent change

of the property, or whether or not purchase was made in good faith by the purchaser. These instructions state the law as favorably to the defendants as they are entitled to claim it should be. They were applicable to the evidence, and do not, in our opinion, give undue prominence to any particular part thereof.

3. Finally, the defendants urge that the evidence does not sustain the verdict. If the jury believed the testimony of Mrs. Meserve and the plaintiff, they could come to no other conclusion than they did; and the question of their veracity was a question for them to determine.

We therefore recommend that the judgment of the district court be affirmed.

JACKSON and AMES, CC., concur.

By the Court: For the reasons stated in the foregoing opinion, the judgment of the district court is

AFFIRMED.