AMANDA OLSON, APPELLEE, v. OMAHA & COUNCIL BLUFFS STREET RAILWAY COMPANY, APPELLANT.

289 N. W. 356

FILED NOVEMBER 28, 1939. No. 30682.

*Kennedy, Holland, De Lacy & Svoboda,* for appellant.

*Reed, Ramacciotti, Robinson & Hruska* and *E. L. Marks,* contra.

Heard before SIMMONS, C. J., EBERLY, PAINE, MESSMORE and JOHNSEN, JJ., and KROGER and ELLIS, District Judges.

PAINE, J.

This is an action for personal injuries sustained by the plaintiff in a fall in a street car, upon which she was a passenger. The jury returned a verdict of $4,000, upon which a judgment was entered. Motion for new trial being overruled, the defendant appealed, and asked for reversal upon the ground set out in twelve assignments of error.

The accident occurred at Fortieth and Cuming streets in the city of Omaha on January 6, 1938, about 6 o'clock in the evening. The street car was standing on Fortieth street, headed north, but about to turn west on Cuming street,

when plaintiff got on the car, and handed the motorman, who also acted as conductor, her transfer.

The plaintiff, who was 61 years of age, took hold of an iron stanchion, and started to go back in the car, the floor of which was about eight inches higher than the floor in the vestibule. Plaintiff anticipated the usual movement of the car in starting up to go around a sharp curve, but after it had gone a few feet there was a sudden and violent stop, which threw her backward, so that her head was down underneath the driver's seat. She broke both bones in her right arm and shattered the elbow joint. After being in a hospital a couple of weeks, she was subjected to an operation to remove pieces of broken bones. After this, she was kept in casts for six or seven weeks, and many adhesions formed around the joint, and there is no revolving motion in the forearm, and a 50 per cent. limitation in flexion and extension. The condition is permanent. She suffered a great amount of pain. She cannot do many things she could do before with this right arm. The hospital and medical bills amounted to $400. No very serious attack is made on the amount of the verdict.

To reverse this case, the defendant insists that prejudicial error occurred in the court giving instruction No. 3, requested by the plaintiff, and reading as follows: "You are instructed that where a street car passenger shows that he or she was injured by reason of a sudden and unusual movement, jerking, or lurch of the car, an inference of negligence arises against the street railway company. You are further instructed that it is not necessary for the plaintiff under these circumstances to show what caused the unusual motion or jerk; it is sufficient for the plaintiff to show that there was such an unusual movement, jerk, or lurch in the operation of the street car, and that this movement was the cause of the injuries complained of. *The burden then shifts to the defendant* street railway company either to deny the unusual motion or jerk or to otherwise explain or excuse it." Defendant insists that the vital defect is that it tells the jury in the last sentence that the burden

shifts to the defendant to deny the unusual motion or jerk, or to otherwise explain it or excuse it.

In the case of *Mercer v. Omaha & C. B. Street R. Co.*, 108 Neb. 532, 188 N. W. 296, paragraphs 5 and 6 of the syllabus read as follows:

"5. The burden of proof upon the issue of negligence does not shift during the progress of the trial, but rests throughout upon the party alleging such negligence; and a proper application of the doctrine *res ipsa loquitur* does not change said rule.

"6. 'The giving of an instruction which places the burden of proof to establish some of the facts put in issue by pleadings on the wrong party is reversible error.' *Omaha Street R. Co. v. Boesen,* 68 Neb. 437."

In *Lincoln Traction Co. v. Webb,* 73 Neb. 136, 102 N. W. 258, it states in the fourth paragraph of the syllabus: "But where negligence is proved * * * the carrier is then required to show that it was in no wise at fault, or that the plaintiff was guilty of some negligent act which contributed to the injury complained of." But, as a part of this opinion, the fourth paragraph of the syllabus in *Lincoln Street R. Co. v. McClellan,* 54 Neb. 672, 74 N. W. 1074, is disapproved, which paragraph reads: "In an action for damages for an injury received while being transported by a common carrier, the injury being shown, the burden of proof is upon the carrier to show that it was in no wise at fault."

The plaintiff offered the objectionable instruction No. 3 on her own motion, and the court gave it in the exact form in which it was offered. To avoid a reversal because of the error in this instruction, the plaintiff calls our attention to the fact that the court in two other instructions referred to the matter of the burden of proof. We find that in instruction No. 2 the court did say this: "And if it is charged by reason of negligent operation of a car containing passengers that one of them has been injured, then the burden is upon the ones so charging to prove such fact of negligent operation that proximately resulted in such injuries, before

the jury can conclude that there was a negligent operation."

And again, in instruction No. 4, the court stated generally that, before the plaintiff would be entitled to recover a verdict, she must establish by a preponderance of the evidence certain definite acts of negligence, and concluded: "But should the plaintiff not so establish as she is herein required to do as a condition precedent to being entitled to recover, then you will find generally for the defendant." But nowhere do we find the usual instruction placing the burden of proof generally upon the plaintiff.

Taking all of the instructions as a whole, it does not appear to the court that the objectionable statement in instruction No. 3 is modified or corrected in any other instruction.

The rules of law which the court should give to the jury in its instructions in reference to negligence are simple, and should state to the jury that the burden of proving defendant's negligence rests upon the plaintiff, and that this burden of proof never shifts to the defendant, but rests at every stage of the case upon the plaintiff; and it is well to add this fact, that negligence is never presumed, but must be proved.

For the prejudicial error in instruction No. 3, the judgment is reversed and cause remanded for a new trial.

REVERSED.

SIMMONS, C. J., dissenting.

I agree with the finding of fact set out in the opinion of the majority, in that the evidence established, and the jury found, that plaintiff was a passenger of the defendant; that the street car had started in its normal course; that there was a sudden and violent stop that caused the plaintiff to fall, and that injury to the plaintiff resulted.

I do not agree with the conclusions of law set out in the majority opinion. The case is reversed because of the giving of instruction No. 3 requested by the plaintiff. An analysis of that instruction shows that the court told the jury that, where a street car passenger is injured as a result of a sudden movement or lurch of the car, an *inference*

*of negligence* arises against the street car company; that it is not necessary for the plaintiff to show *what caused the unusual jerk*; that it was sufficient for the plaintiff to show that there was an unusual movement or lurch of the car, and that such movement caused the injury complained of. *The majority opinion does not object to that part of the instruction.* My examination of the holdings of this court, to which reference will be made herein, indicates that it is a proper statement of the law. The objection is made to that part of the instruction which states that, after plaintiff has made the showing set out in the first part of the instruction, "the *burden then shifts* to the defendant * * * either to deny the unusual motion or jerk or to otherwise explain or excuse it." The instruction does not say that the burden of proof shifts, nor that the defendant has a general burden. The burden is limited to either denying, explaining, or excusing the unusual motion or jerk. The defendant *is not by the instruction or otherwise required to carry that burden by a preponderance of the evidence.* As I see it, the error of the majority opinion is in the assumption that the use of the words "burden shifts" is equivalent to the statement that the "burden of proof shifts." The cases relied upon by the majority are cases dealing with the *burden of proof.* There is a difference between the burden of proof and the burden of the evidence. Briefly, the difference is that the burden of proof, correctly speaking, means the necessity of establishing certain facts. "Burden of evidence" means the necessity which rests upon a party, at any particular time during the trial, either to create a *prima facie* case in his own favor or to overthrow one which is created against him. 22 C. J. 68; 20 Am. Jur. 134, sec. 131.

The burden of evidence is on the party against whom the decision of the tribunal would be given if no further evidence were introduced. At the beginning of the trial, the burden of proof and the burden of evidence are on the same party; the burden of the evidence so continues until the party with the burden of proof establishes a *prima*

*facie* case, and then the burden of evidence shifts to the party who has not the affirmative of the issue, although the position of the *burden of the proof is in no wise affected.* 22 C. J. 76; 20 Am. Jur. 134, sec. 132.

While the existence of a presumption of law does not affect the burden of proof, yet an inference of fact which the law assumes to be correct establishes, in the absence of evidence to the contrary, a *prima facie* case, and then the *burden of the evidence* shifts to the party to overcome that inference. 22 C. J. 79, 20 Am. Jur. 136, sec. 133.

Here, at the beginning of the trial, the burden of proof and the burden of evidence were upon the plaintiff to prove her case. That case is established when she proved that she was defendant's passenger; that there was the sudden, unusual and violent jerking of the car which caused her to fall, with the resulting injury. The instruction so states. An inference of negligence then arose which shifted the *burden of the evidence* to the defendant to overcome that inference of negligence, and the instruction properly advised the jury that, after the plaintiff had established these facts, that burden then shifted to the defendant either to deny the jerking of the car or to explain or excuse it. The reason for that rule is clearly stated in the decisions of this court to which I refer herein. It is based partly upon the liability of the defendant as a common carrier and also upon the proposition that the cause of the jerking or stopping is a matter peculiarly within the knowledge of the defendant, and it has the burden of explaining it. See 22 C. J. 81; 20 Am. Jur. 134, sec. 132.

In this particular instance, in all probability, the only person who knew what caused the jerking of the car was the defendant's motorman, and the instruction put the *burden of the evidence* upon the defendant to explain or excuse the jerking and stopping of the car. It did not shift the burden of proof. It put no other burden upon the defendant.

The majority opinion cites the case of *Mercer v. Omaha & C. B. Street R. Co.,* 108 Neb. 532, 188 N. W. 296, and

quotes from the syllabus in that case. Examination of that case reveals that this court there recognized the exact distinction which I have pointed out herein, that where a *prima facie* case of negligence is established, the defendant must produce evidence to rebut the presumption, but that the burden of proof as such remained on the plaintiff.

The *Mercer* case cites and discusses with approval *Spellman v. Lincoln Rapid Transit Co.*, 36 Neb. 890, 55 N. W. 270. In that case, the court pointed out that the instruction there under consideration told the jury that the fact that the plaintiff was injured by the derailing of a car did not raise a presumption of negligence against the transit company, and that it put a burden upon the plaintiff to prove *the cause of* the derailment of the car which produced the injury. The instruction was held to be erroneous. There the third paragraph of the syllabus is as follows:

"Where a street railway car is derailed and a passenger injured thereby, the presumption is that the casualty was due to the negligence of the carrier, and the *burden is on it* to rebut that presumption."

On page 900 the opinion states: "Here the jury were told in effect that the burden was on the plaintiff below to prove the cause of the derailment. This is not the rule. There is no claim by any one, nor is there a word of evidence, that Spellman was guilty of any negligence whatever. The transit company was a common carrier of passengers. Spellman was a passenger on its train. The car on which he was riding was derailed. He alleged he was injured thereby, and there was evidence to support the allegation. *He alleged that the derailment of the car was through the carrier's negligence. The law by presumption supplied that proof for him.* This was enough. *The burden was then on the carrier to rebut this presumption of negligence* by showing that it was produced by causes wholly beyond its control, and that it had not been guilty of the slightest negligence contributing thereto, and that by the exercise of the utmost human care, diligence, and foresight the casualty could not have been prevented."

That decision is clearly one sustaining the instruction given by the trial court. It has been repeatedly referred to with approval by this court down to and including the *Mercer* case, relied upon by the majority opinion.

Another case cited with approval in the *Mercer* case is that of *Lincoln Traction Co. v. Webb,* 73 Neb. 136, 102 N. W. 258, where the fourth paragraph of the syllabus is:

"But where negligence is proved, or where from the nature of the accident which was the proximate cause of the injury negligence is presumed, *the carrier is then required to show* that it was in no wise at fault, or that the plaintiff was guilty of some negligent act which contributed to the injury complained of."

This court there recognized the rule that the burden of proof never shifts. In that case, it was held that the plaintiff had to prove that her fall was the result of a sudden starting of the car when she was trying to alight. The court held that the basis of the presumption in actions against carriers for personal injuries was not the mere fact of the injury, but the act of the defendant which caused the injury, and when that act was shown, that the plaintiff had established a *prima facie* case. The court then referred to the *Spellman* case and said on page 140: "The *burden was then on the carrier to rebut this proof of negligence* by showing that it was produced by causes wholly beyond its control." Further, on page 141, quoting from *Omaha Street R. Co. v. Boesen,* 68 Neb. 437, 94 N. W. 619: "*It will then devolve upon the company* to show that the injury occurred without any negligence on its part, and that by the exercise of the highest degree of care it could not have prevented such injury." Again, on page 143, the "presumption arises from the inherent nature and character of the act."

The majority opinion cites the *Webb* case, apparently with approval, but says that a statement in the fourth paragraph of the syllabus in *Lincoln Street R. Co. v. McClellan,* 54 Neb. 672, 74 N. W. 1074, was disapproved. The body of the opinion shows that the rule there criticized was *modified* so as to conform to the rule announced in the *Webb*

case. Instructions No. 2 and No. 3 given by the court and set out herein definitely meet the rule as so modified.

In the concurring opinion in the *Webb* case (73 Neb. 136, 145) Chief Justice Holcomb further developed this same principle, and stated that in the case at bar the injury was alleged to have been caused by the street car's starting while the passenger was alighting, and that by reason thereof she was thrown to the pavement and sustained the injuries; when that fact was established, then a presumption of negligence arose, and that it *"would devolve upon the carrier* to show that it exercised that degree of skill, diligence and foresight for the safety of its passengers which the law charges it with." Further, on page 147, he states: "When the physical act has been shown or is apparent, *and is not explained* by the defendant, the conclusion that negligence superinduced it may be drawn as a legitimate deduction of fact." Citing a Colorado case, *Denver & R. G. R. Co. v. Fotheringham,* 17 Colo. App. 410, 68 Pac. 978, he said: "When such proof is made, the burden is transferred to the carrier to show its own freedom from fault." He stated further: "The true rule seems to be that, where a passenger sustains an injury growing out of the acts of the carrier's servants or employees, or because of any defect in machinery, coaches or roadway, or any of the means, appliances or agencies connected with or employed in the transportation of the passenger, the presumption arises that the injury was caused by the negligence of the carrier, and it *then devolves upon it to explain* the act and relieve itself of the imputation of negligence thus cast upon it, the negligence complained of being the proximate cause of the injury inflicted."

In the case of *Lincoln Traction Co. v. Shepherd,* 74 Neb. 369, 374, 104 N. W. 882, 107 N. W. 764, on rehearing Judge Sedgwick states that, when a passenger is injured through some "defect in the appliances of the carrier, or some act that is done by its employees in the conduct of the business, a *presumption of negligence* on the part of the carrier arises, and this presumption is sufficient, in the absence of

any other evidence upon the subject, to supply the proof demanded of the plaintiff upon that point and establish *prima facie* the negligence of the carrier. *If unexplained by the carrier*, no further proof upon that point is necessary to establish his negligence. But if evidence appears in the plaintiff's own testimony, or is offered by the defendant, sufficient to rebut this presumption, then the negligence of the carrier is not established by the presumption." Further, on page 377: "The sudden starting of the car, in the manner and under the circumstances alleged, while the plaintiff was properly on the steps and in the act of stepping to the ground, being the act of the carrier, would, if the cause of the accident, furnish a *presumption of negligence* on the part of the carrier."

All these cases are cited with approval by this court in *Mercer v. Omaha & C. B. Street R. Co., supra,* upon which the majority relies as authority for reversing this case. All of them clearly establish that all that the plaintiff is required to do is to prove that she is a passenger; that she was injured by a sudden and unusual jerking of the defendant's car; that when those things are proved, a presumption of negligence arises which must be overcome by proof; that if the plaintiff's proof does not overcome that presumption, then *the burden of evidence* is upon the defendant to establish that fact. It is not a case of shifting the burden of proof. It is a shifting of the burden of the evidence to overcome a presumption.

The case of *City of McCook v. McAdams,* 76 Neb. 1, 7, 11, 106 N. W. 988, 110 N. W. 1005, 114 N. W. 596, presents a somewhat similar situation. In that case the city of McCook was sued for damages alleged to have been occasioned by the failure of the city to keep in repair an artificial drainage system constructed by it, whereby surface water was diverted during a rainstorm and cast upon the plaintiff's premises. The city pleaded a general denial, and that the storm was of such unprecedented character as to constitute an act of God. Three opinions were written on the matter. The defendant complained of an instruction on

the ground that it stated that on certain questions the burden of proof shifted to the defendant. The court points out on page 6 of the official report that the court first instructed the jury that the burden of proof was on the plaintiff to establish the material allegations of his petition. That was followed by the portion of the paragraph of which the complaint was made by the defendant, which was: "This burden, however, does not remain with the plaintiff upon a question of affirmative defense, and the point at which the *burden shifts* to the defendant will be later pointed out in these instructions." The court there in the opinion by Commissioner Albert stated: "It is clear that the court did not instruct, and the jury could not have understood, that the burden of proof as to any issue tendered by the petition shifted, but merely that the burden of proof rested upon the defendant to establish its affirmative defense."

The case is again reported in an opinion by Commissioner Albert on page 7, and in an opinion by Judge Letton· on page 11. It was there held that an instruction was not erroneous which told the jury that, if they found that the defendant was guilty of negligence in failing to keep the drainage system in repair, the burden of proof was then upon the defendant to establish by a preponderance of the evidence that the storm was of sufficient violence to have caused the damage sustained by the plaintiff without the concurrence of such negligence.

While the burden there was put upon the defendant to establish its affirmative defense, statements of the court in the final determination of the case are illuminating upon the issue here presented. We quote from the opinion of the court:

"While the burden is on the plaintiff to show that his loss is the result of the defendant's negligence, when he has established the fact of negligence on the part of the defendant and that his loss occurred directly therefrom, he has met all of the conditions the law imposes upon him in order to recover, before any evidence is produced by the de-

fendant. * * * When the plaintiff has closed his case, the defendant may show that it was not guilty of the negligent act complained of by either direct or indirect proof which negatives the proof offered by the plaintiff as to the fact of its negligence or the plaintiff's damage. * * * While not confessing the cause of action, they seek to avoid its effect by proof of other and new matter which bars the plaintiff's right to recover, and they must be established by the defendant in order to overcome the evidence on the part of the plaintiff, which, *unexplained,* would establish the defendant's negligence. * * *

"In the former opinion a distinction is sought to be drawn between such defense if pleaded by a common carrier and if offered by another, but we see no reason for the distinction, provided that the person seeking to assert it stands in a similar relation to the person injured. A carrier has undertaken a special duty to carry safely. If he fails to do so *a presumption arises against him, which he must explain away.* In this case the city had constructed a drainage system which the jury found it had neglected to keep in repair, and that by its negligence the plaintiff apparently was injured. In the one case, the presumption took the place of evidence against the carrier; in the other, the jury found the facts against the city as to neglect to keep up the ditches. *The burden then rests alike on the carrier and the city to produce proof* to show that its negligence was not the proximate cause of the loss or injury, but that the loss was attributable to an independent cause without the concurrence of its negligence, or, in other words, that, even if it had not been negligent, the injury would have occurred. * * *

"This view does not conflict with the doctrines of the cases of *Omaha Street R. Co. v. Boesen,* 74 Neb. 764, or *Lincoln Traction Co. v. Shepherd,* 74 Neb. 369, 374, for the burden of proof as to the existence of negligence still rests upon the plaintiff throughout the trial; * * * The burden was placed upon the plaintiff by the instruction to prove the defendant's negligence of duty and his damage. After

he had made his case, in order to escape the logical result of this proof, the defendant was required to show that the loss was inevitable under the circumstances. We think this was proper. *After its negligence was established it had the laboring oar.* The burden did not rest upon it to disprove negligence, but upon the plaintiff to prove it, but, negligence being proved against it, it *did have the burden* of showing an independent cause for the injury, by reason of which it was released from liability."

In my opinion, the above authorities clearly establish that the jury were properly instructed as to the law of the case and as to the burden of the evidence which rested upon the two parties.

The majority opinion, after holding that the instruction is erroneous, states that the objectionable feature has not been corrected in any other instruction. The majority opinion quotes a part of instructions No. 2 and No. 4, which were given by the court on its own motion.

Instruction No. 2 in full is as follows:

"Street car companies by their servants are required to operate their cars for the benefit of their passengers with the highest degree of care and skill reasonably possible, and of which that operation is susceptible, and are liable for the slightest negligence that proximately brings about in such operation injuries to passengers. However, *they are not liable* for injuries to passengers for any such movements of their cars, which movements of such cars containing passengers are fairly and reasonably necessary in the operation of cars. Because passengers are injured by falling in cars, is not of itself proof of any negligence in the operation of the cars. And if it is charged by reason of negligent operation of a car containing passengers that one of them has been injured, then *the burden* is upon the ones so charging to prove such fact of negligent operation that proximately resulted in such injuries, before the jury can conclude that there was a negligent operation. It is the duty of those operating cars to start and stop the same without unnecessarily jerking or lurching the same, and should the

passengers while progressing towards a seat be caused to fall or become injured because of a sudden or violent jerking of the car, or violent lurching or violent stopping, which movements were so violent or unusual that it was unnecessary in the car's operation, and proximately resulted in a passenger's personal injury, who was taking due care of herself or himself at the time, then the ones so operating such car would be responsible for such injuries that such passenger might receive as the proximate result of such unusual violent and unnecessary movement of the car."

Instruction No. 3 given by the court on its own motion is:

"It is the *duty* of passengers on street cars on entering and progressing towards a seat to take reasonable care of themselves not to fall by reason of motions of the car that are necessarily made in the operation of the street cars. And should a passenger be injured, even by the motions of the car that are made reasonable and necessary in the operation of such cars on the streets, then there is no responsibility by the street car company in damages to the one injured, no matter how severe the injury may be, as a passenger *assumes* all the risks that are ordinary and usual in the way of jerking or lurching in the ordinary and necessary operation of the car. *The plaintiff must go further* and show that the jerking and lurching movement of the car of which she complains was of an unusual and forcible nature, and so forcible that a reasonable passenger knowing that he must take reasonable care of himself against ordinary movements of cars would not have reasonably anticipated."

Instruction No. 4 given by the court on its own motion is as follows:

"Before the plaintiff will be entitled to a verdict at your hands *she must establish by a preponderance of the evidence* that while she was progressing towards a seat as a passenger, and after the car had been started, that it was suddenly stopped with such unusual violence that she could not have reasonably anticipated, and that was unnecessary

in a reasonable and necessary operation of the car by the car operator. And should she so establish as herein required as a condition precedent to being entitled to a verdict at your hands, then you will return a verdict in some amount for the plaintiff, also including plaintiff's expense for doctors and hospital bills, and with reference thereto you will be guided by another instruction to which your attention will be later directed herein. But *should the plaintiff not so establish* as she is herein required to do as a condition precedent to being entitled to recover, then you will find generally for the defendant. You will not allow the question of sympathy for the plaintiff to have any relation to your conclusion."

Instruction No. 8 is as follows:

"By a preponderance of the evidence is meant not necessarily the greater number of witnesses, testifying on one side or the other, nor to any given fact or set of facts, but by this term is meant rather the weight of evidence, that which on the whole, when fully, fairly and impartially considered by the jury, produces the stronger impression upon the minds of the jury, and is more convincing as to its truth, when weighed against the evidence in opposition thereto."

It is true, as the majority opinion points out, that the court did not give the usual instruction on the burden of proof. It is also true that the defendant did not ask for such an instruction. It is likewise true that the defendant does not assign as an error the failure of the trial court to give such an instruction. It is also true that this court has held: "It is not necessary to use the words 'burden of proof' in instructing a jury. Other words may as well and aptly convey the idea." *Neeley v. Trautwein,* 79 Neb. 751, 113 N. W. 141.

This court in the above case clearly held that the instructions were sufficient if they told the jury where the *onus probandi* lay. I submit that in this case the instructions given by the court to the jury, while they did not use the words "burden of proof," did state to the jury (not once,

but several times) the facts which the plaintiff must prove by a preponderance of the evidence. They defined that "preponderance of the evidence," and also stated at what point in the trial of the case an inference of negligence arose, and when the burden shifted to the defendant to overcome that inference of negligence. I can find nothing in the instructions that would indicate that the jury could possibly have been misled by these instructions. This is particularly true when it is pointed out that the majority opinion does not question the first part of the instruction, nor does the defendant here claim that the first part of the instruction was erroneous. The fact that the court did not elsewhere use the term "burden of proof" is further evidence that the jury could not possibly have been misled by the use of the word "burden" in the instruction about which complaint is made.

I regret the length of this dissent, but it is made necessary by my conviction that the majority opinion is wrong in reversing this case for the reasons given, and, likewise, because of the effect of this decision upon litigation and the rights and liabilities of parties hereafter.

JOHNSEN, J., concurs in the dissent.