102 N.W.2d 59 (1960)
170 Neb. 198
Grayce SAAB, Appellant,
v.
OMAHA & COUNCIL BLUFFS STREET RAILWAY COMPANY, now Omaha Transit Company, a corporation, Appellee.
No. 34584.
Supreme Court of Nebraska.
April 1, 1960.
*60 Schrempp & Lathrop, Henry C. Rosenthal, Jr., S. J. Albracht, Omaha, for appellant.
Kennedy, Holland, DeLacy & Svoboda, William P. Mueller, Omaha, for appellee.
Heard before CARTER, MESSMORE, YEAGER, CHAPPELL, WENKE and BOSLAUGH, JJ.
YEAGER, Justice.
This is an action by Grayce Saab, plaintiff and appellant, against Omaha & Council Bluffs Street Railway Company, now Omaha Transit Company, a corporation, defendant and appellee, for damages for personal injuries which the plaintiff alleges were sustained as a result of the negligence of the defendant. The case was tried to a jury. The jury returned a verdict in favor of the defendant and against the plaintiff. Judgment was rendered on the verdict. A motion for new trial was filed and in due course overruled. From the judgment and the order overruling the motion for new trial the plaintiff has appealed.
In the briefs there are three assignments of error which the plaintiff contends contain grounds for reversal of the judgment. The assignments refer separately to three instructions given by the court. An examination of the assignments and the instructions however discloses that a single question is involved. By these instructions the jury was effectually told that the plaintiff assumed the risk of passing into the condition and situation which caused the injury and the damages which she seeks to recover from the defendant.
There is no material dispute as to the facts upon which the determination herein must depend. A brief but sufficient review of the evidence discloses that on and prior to February 26, 1955, the plaintiff was employed by the First National Bank of Omaha, Nebraska, with time of daily employment starting at 1 p. m. and ending at 9 p. m. She lived at 3744 North Thirty-seventh Street in Omaha, Nebraska. The residence is on the west side of the street. The defendant operates bus lines for transportation of passengers for hire on the streets of the city of Omaha. One of its lines extends from downtown Omaha to a point where it enters Thirty-seventh Street north of the residence of plaintiff and extends southward and passes this residence. A short distance to the north the bus traverses the intersection of Spaulding Street with Thirty-seventh Street. Spaulding Street extends east and west. In this area Thirty-seventh Street is paved and is generally level. The record from the weather bureau introduced in evidence shows that between February 3, 1955, and February 26, 1955, 7.2 inches of snow fell, and that during that period the daily average temperature ranged from 1° below zero to 34° above zero with only 2 days when the average exceeded 32° above zero. On February 4, 1955, snow was removed *61 on Thirty-seventh Street by the defendant which was accomplished by the use of a blade or plow attached to some type of motorized equipment which caused the snow to be pushed to the west side. This blade was caused to move at an elevation above the pavement of about 1 inch. This would cause or produce a ridge of snow along the side of the street. Whether or not any snow was similarly removed later in the month is not made certain. It is certain that a cindering operation was carried out on February 26, 1955, which may have been accompanied by snow removal.
On February 26, 1955, after finishing her day's work, the plaintiff took passage in downtown Omaha as a regular passenger on a bus of the defendant and was transported to the vicinity of Thirty-seventh and Spaulding Streets where, in response to a signal properly made by her, the bus came to a stop. The bus stopped with the rear door from 27 to 30 feet north of the intersection of Thirty-seventh and Spaulding Streets and about 8 feet east of the west curb line of Thirty-seventh Street. The plaintiff alighted at the rear door and stepped down onto the street.
It is interpolated here that the appeal is in nowise predicated on either the proposition that the exit was unsafe or that the location in the street where plaintiff was caused to alight was in an unsafe condition.
To the west of plaintiff when she alighted was a ridge of snow extending along the curb which was from 12 to 18 inches in height. There is no evidence as to its width except that its width was perhaps a little greater than its height. After alighting plaintiff took two or three steps, covering a distance of 3 or possibly 4 feet, west toward the ridge of snow and then she stepped over the ridge with her right foot after which she proceeded to bring her left foot over when she fell, as the result of which she received injuries. She was familiar with the surroundings, with the fact that the ridge of snow was there, and also with the fact that there was a passage through the ridge at the intersection with Spaulding Street.
There is no direct evidence and none from which a legally reasonable inference may be drawn as to what caused the plaintiff to fall. The total evidence in this regard is found in the testimony of the plaintiff. There are three instances in her testimony where she described what happened but in none of them does she say or indicate that she has any knowledge as to what caused her to fall. The cause of the fall was, on the record made at the trial, purely speculative and conjectural.
With the record of the evidence in this condition the defendant at the close of the evidence moved for a directed verdict on the ground that the pleaded cause of action had not been proved. This motion was overruled.
The defendant by its brief, in addition to a challenge to the propriety of the assignments of error in the light of the record of the evidence, asserts that there was no evidence upon which to justify the submission of any issue for determination by a jury. In other words the defendant insists that there was no proof of actionable negligence on its part and no proof at all of the proximate cause of plaintiff's fall and her injuries. In consequence of this it insists that it was entitled to a directed verdict.
It is of course true that if the defendant was entitled to a directed verdict, as it insists, the question relating to instructions, which is the only one presented by the plaintiff on appeal, has no controlling significance, since the defendant obtained at the hands of the jury what it was entitled to under its motion for a directed verdict.
The burden was on the plaintiff, in order to recover, to prove that the defendant was negligent and also that the negligence was the proximate cause of the accident. The appropriate rule is stated *62 as follows in Sipprell v. Merner Motors, 164 Neb. 447, 82 N.W.2d 648, 653: "In an action for negligence, the burden is on the plaintiff to show that there was a negligent act or omission by the defendant and that it was the proximate cause of plaintiff's injury or a cause which proximately contributed to it." The rule and its application are discussed at length in the opinion with citations of authority.
There are decisions of this court which announce what may be regarded as an exception to this rule under circumstances where a passenger is injured upon or while leaving a vehicle of public transportation. Under this exception, if it is made to appear in an action by a passenger against a common carrier for personal injury that some defect in appliances or that some act of the carrier's employees in the conduct of its business contributed to the accident, a prima facie case of negligence on the part of the carrier ordinarily is made. See, Jacobson v. Omaha & C. B. St. Ry. Co., 109 Neb. 356, 191 N.W. 327, 31 A.L.R. 563; Olson v. Omaha & C. B. St. Ry. Co., 137 Neb. 216, 289 N.W. 356.
A prima facie case of negligence however is not made in an instance where a passenger is given a reasonable opportunity to select his time to alight and to direct his own progress, and who does alight on the street at his destination and becomes a pedestrian. Under such circumstances the carrier is under no duty to guard or protect him in his progress on the street from the place where he alights. See Jacobson v. Omaha & C. B. St. Ry. Co., supra.
In this case the record without peradventure discloses that the plaintiff was allowed to safely alight, in a safe place. She became a pedestrian and chose the path of departure from the place where she alighted. She could have chosen to walk 27 to 30 feet to the south where no ridge of snow obstructed passage to the west and to the sidewalk leading to her residence to the south. She chose instead to cross over the ridge of snow. In the light of her voluntary acts and the decisions of this court it may not be said that the defendant was guilty of any actionable negligence.
The plaintiff walked to the ridge of snow and stepped over with her right foot, then she started to bring her left foot over when she fell. What caused her to fall is not disclosed. There is a complete absence of proof of proximate cause and, as has been pointed out, no presumption is available to supply this failure of proof.
It becomes clear therefore that for failure of proof of a cause of action the motion of the defendant for a directed verdict should have been sustained. A discussion therefore of the particular assignments of error is rendered unnecessary since the verdict returned accomplished the proper result.
The judgment of the district court is affirmed.
Affirmed.