CHARLES R. LYONS, APPELLEE, V. ARTHUR JOSEPH, APPELLANT.

FILED FEBRUARY 24, 1933. No. 28450.

*Crofoot, Fraser, Connolly & Stryker,* for appellant.

*William E. Lovely* and *McGan & Burbridge, contra.*

Heard before GOSS, C. J., ROSE, DEAN, GOOD, EBERLY, DAY and PAINE, JJ.

GOOD, J.

This is an action to recover damages for personal injuries. Plaintiff had judgment, and defendant has appealed.

Plaintiff was injured at the intersection of California and Seventeenth streets in the city of Omaha. He al-

leged in his petition that, while walking east on the north side of California street, he had reached a point near the center of Seventeenth street and stopped to permit a car, coming from the south on Seventeenth street, to pass in front of him, and that, while he was so standing, defendant attempted to pass the car which was in front of plaintiff, drove his car to the left and over the west side of the center of Seventeenth street, and struck plaintiff, inflicting the injuries of which he complains. Plaintiff charged that defendant was negligent in failing to give any warning of his approach, in driving at an excessive rate of speed, in attempting to pass another car at the street intersection, and in failing to drive to his right of the street center. In his answer defendant admitted that plaintiff was injured, denied any negligence on his part, and alleged that plaintiff was intoxicated and was guilty of more than slight contributory negligence.

At the close of all the evidence, defendant requested that a verdict be directed for him, on the ground that the evidence was insufficient to sustain a verdict in favor of plaintiff, and that it showed conclusively that plaintiff was guilty of more than slight contributory negligence. There is abundant evidence tending to prove the following state of facts:

Plaintiff and a lame companion were walking east on the north side of California street. When they reached the west side of Seventeenth street, plaintiff took the arm of his companion to assist him across the street. At this point Seventeenth street, from curb to curb, is 60 feet wide. Plaintiff and his companion had proceeded a distance of 24 or 25 feet into Seventeenth street when they stopped to permit an automobile, going north on Seventeenth street, to pass in front of them. While they were standing, waiting for this car to pass and before it had scarcely passed them, the defendant, also driving his car from south to north on Seventeenth street, attempted to pass the car in front of him, and, driving at a speed of

from 30 to 40 miles an hour, turned to his left and over the center of the street and struck plaintiff and his companion. The latter was killed almost instantly, and plaintiff was severely injured.

The evidence on behalf of defendant is of quite another character. It tended to prove that defendant did not attempt to pass the car in front of him, was not driving more than 12 to 15 miles an hour, and that his car was in close proximity to the car in front of him, from four to eight feet behind it; that defendant saw the plaintiff and his companion and assumed that they would not attempt to pass in front of his car, but that, when the car immediately in front had passed, they lurched forward and were struck by the side of his car. There was some evidence on behalf of defendant from which one might infer that plaintiff and his companion were intoxicated. This evidence was to the effect that they were talking loudly and were staggering as they crossed the street. On the other hand, there was positive evidence that plaintiff had not drunk any intoxicating liquor for a period of three years; that his lame companion, an old man, was very hard of hearing; that plaintiff talked loudly in order that his companion might hear him; that his companion suffered from rheumatism, was lame and walked with a cane, and that plaintiff took his arm to assist him across the street.

There is ample evidence to warrant the jury in finding that plaintiff was not guilty of contributory negligence in any degree, and that defendant was guilty of gross negligence which caused the injuries suffered by plaintiff. In a law action the verdict of a jury, based on conflicting evidence, unless clearly wrong, will not be disturbed by a reviewing court. The court properly denied the request of defendant for a directed verdict.

Defendant alleges that the court erred in giving an instruction which informed the jury that plaintiff alleged defendant violated certain statutes of the state of Nebraska and certain ordinances of the city of Omaha, and

directed them that if they found such violations they did not necessarily prove negligence, but that such facts would be circumstances which they could take into consideration in determining whether defendant was guilty of negligence, proximately causing the collision and the injuries to plaintiff.  The court did not inform the jury what were the provisions of any statute which may have been violated.  Technically, the instruction may be said to be erroneous, but that is not ground for reversal unless it was prejudicial to defendant.  Ordinances of the city were introduced in evidence.  They provided that it should be unlawful for any one to drive on the street at a rate of speed in excess of 30 miles an hour, or to attempt to pass another car, going in the same direction, at a street intersection, and required the driver to keep between the center of the street and the curb on his right. The jury might well have found that defendant was violating each of these three provisions of the ordinances. The fact that the court failed to inform the jury what the applicable provisions of the statute were we think could not have been prejudicial to defendant.

The instruction is criticized because the court did not, in its instructions, specify the number of the ordinance. We deem this hypertechnical.  It is no more necessary to give the number of an ordinance than it would be to give a section number of the statute to the jury.  That the jury should know the provisions of the ordinances was all that was necessary.  Other criticisms of the same instruction are made, but we find them without merit.

Complaint is made of the failure of the court to give a number of requested instructions.  We have carefully examined the instructions given and those refused, and while a number of the requested instructions are correct statements of the law and pertinent to the issues, we find that the charge given by the court covered all of the issues that were properly submitted to the jury, and we find no error prejudicial to defendant either in the giving or refusing of any instruction.

Defendant complains because the court permitted the Carlisle table of expectancy to be introduced in evidence. The evidence tends to show that plaintiff was and will be disabled, for the remainder of his life, from following his usual occupation; that he suffers dizzy and fainting spells, caused by a concussion of the brain received in the accident, and that this condition is likely to endure during the remainder of his life. In an action for personal injuries, where the evidence shows that the injuries are permanent, life tables of expectancy may be properly received in evidence.

Complaint is made because plaintiff was permitted to cross-examine an expert witness, called by defendant, as to his employment by an insurance company. The court, however, instructed the jury that they should give no consideration whatever to the question of insurance. Moreover, if defendant carried liability insurance and a physician, called by him, was employed by defendant's insurance carrier, it was proper to elicit such fact as tending to affect the weight of his testimony.

Defendant cites many authorities which would be pertinent to a consideration of the case, had the jury accepted defendant's version of the facts. The jury found adversely to defendant's version, and its finding must be accepted by this court. The cited authorities are inapplicable to the facts as found.

From a careful examination of the record, we fail to find any error prejudicial to the defendant.

The judgment of the district court is

AFFIRMED.