JOY U. MYERS, APPELLEE, v. CHARLES WILLMEROTH, APPELLANT.

34 N. W. 2d 756

Filed November 26, 1948.   No. 32478.

*J. E. Willits*, for appellant.

*James E. Addie*, for appellee.

Heard before SIMMONS, C. J., PAINE, CARTER, MESSMORE, YEAGER, CHAPPELL, and WENKE, JJ.

CARTER, J.

The plaintiff brings this action for the forcible detention of a residence property.   It is claimed that defendant is holding over his term because of the failure to pay the rent when it became due.   The answer was a plea of not guilty.   The verdict and judgment were for the plaintiff and defendant appeals.

The evidence shows that defendant was a tenant of the property under a verbal lease from month to month for the agreed rental of $10 per month.   Plaintiff alleges that the rent due on February 15, 1947, has not been paid.   Defendant was served with a proper notice to quit the premises.   Plaintiff asserts that defendant is

unlawfully and forcibly holding possession of the property, and prays for its restitution.

The defendant entered his plea of not guilty and thereby put in issue every fact necessary to entitle plaintiff to recover. Galligher v. Connell, 23 Neb. 391, 36 N. W. 566; Boehler v. Kraay, 130 Neb. 233, 264 N. W. 745. It became necessary, therefore, for the plaintiff to establish by a preponderance of the evidence that defendant was in default in the payment of his rent.

The evidence shows that the defendant was to perform certain work and provide supplies and cash which were to be credited on the rent. Defendant contends that he performed work and furnished supplies in excess of any amount of rent which became due. The evidence being in conflict, a jury question was presented.

The trial court instructed the jury that plaintiff was entitled to a verdict against the defendant unless the defendant established by the greater weight of the evidence that plaintiff was indebted to defendant on February 15, 1947, in an amount equal to or greater than the amount due the plaintiff for rent at that time. This constitutes error. The burden of proof rests upon the plaintiff to establish that defendant was in default in his rent on the date alleged. It is a fact which plaintiff must establish in order to show that defendant has forfeited his lease and is holding over his term. Without such proof the plaintiff fails to sustain a necessary element of his complaint, in which event the verdict and judgment should go against him. The giving of an instruction which places on the wrong party the burden of proving an essential fact put in issue by the pleadings is reversible error. Omaha St. Ry. Co. v. Boesen, 68 Neb. 437, 94 N. W. 619; Mercer v. Omaha & C. B. St. Ry. Co., 108 Neb. 532, 188 N. W. 296. The fact that the weight of the evidence may shift from side to side in the progress of the trial as the nature and quantum of the proof varies in the support or denial of the essential fact to be established does not have the effect of chang-

ing the burden of proof. Lincoln Traction Co. v. Webb, 73 Neb. 136, 102 N. W. 258; Olson v. Omaha & C. B. St. Ry. Co., 137 Neb. 216, 289 N. W. 356.

The judgment is reversed and the cause remanded for a new trial.

REVERSED AND REMANDED.