THOMAS UMBERGER ET AL., PARTNERS DOING BUSINESS AS THE UNION AIR SERVICE, APPELLEES, v. ROY A. SANKEY, APPELLANT.

38 N. W. 2d 21

Filed June 10, 1949.   No. 32544.

*T. R. P. Stocker,* for appellant.

*Hammond & Parker,* and *Sam Zimmerman,* for appellees.

Heard before SIMMONS, C. J., CARTER, MESSMORE, YEAGER, CHAPPELL, WENKE, and BOSLAUGH, JJ.

CHAPPELL, J.

Two airplanes collided while landing. Plaintiffs, as owners of one, operated solo by a licensed pilot, hereinafter designated as the pilot, brought this action against defendant, owner and licensed pilot of the other, alleging that negligence of defendant proximately caused the accident and resulting damages to plaintiffs' plane. The pilot was not made a party. Defendant filed answer and cross-petition, alleging that the accident and resulting damages to both planes were solely and proximately caused by negligence of plaintiffs and the pilot, whose negligence was imputed to plaintiffs. Plaintiffs' reply and answer was a general denial.

Upon trial to a jury, at the conclusion of all the evidence, the trial court overruled defendant's motion for a directed verdict, or in the alternative to dismiss plaintiffs' petition, but sustained plaintiffs' motion to dismiss defendant's cross-petition, and submitted to the jury only such remaining issues as were then supported by the evidence and presented by the pleadings.

Plaintiffs were awarded a verdict and judgment. Defendant's motion for judgment notwithstanding the verdict, or, in the alternative, for new trial, was overruled, and he appealed, substantially assigning as error: (1) Disposition of the motions aforesaid; (2) giving of instructions Nos. 2, 3, 5, and 6; (3) the refusal to give defendant's requested instructions Nos. 1, 2, 3, and 5; and (4) that the verdict and judgment were not sustained by the evidence but contrary thereto, and contrary to law. We conclude that instruction No. 3, given by the trial court, was prejudicially erroneous, but that the other assignments should not be sustained.

Plaintiffs were partners, doing business as Union Air Service, at the Union Airport, and there engaged generally in the sale and operation of airplanes, and approved, licensed flight and pilot instruction. There was a collision at the airport on October 22, 1946, about 5:30 p. m., between a plane owned by plaintiffs, but operated solo by the pilot engaged in taking flight training from plaintiffs, and a plane owned and operated by defendant for his own pleasure. The accident occurred at a point where a diagonal northwest-southeast hard-surfaced runway and an east-west grass runway crossed each other, and occurred at a time when defendant was landing from northwest to southeast on the former, and the pilot was spot-landing from west to east on the latter. Air traffic at the airport was not directed, supervised, or controlled by a control tower or radio equipment. The extent of the injuries to each plane and the amount of damages resulting therefrom was not questioned. The foregoing was without dispute, but generally speaking the evidence adduced by the parties upon other material issues ultimately submitted, was conflicting.

Plaintiffs alleged substantially that the accident and damages to their plane were proximately caused by defendant's negligence, in that he failed to conform to the flow of traffic which was taking off, preparing to

land, and landing on the east-west runway; that he landed on the diagonal northwest-southeast runway at a time when it was not in use or authorized for use, and in violation of local field rules then in effect and known to defendant, which provided that all landings and take-offs must be on the runway designated by a wind tee, which at the time designated only the east-west runway for use; that he attempted to so land at an excessive and unsafe landing speed of approximately 80 miles an hour; that he failed to look or see other airplane traffic then in the approaching traffic pattern, and attempted to land his plane with disregard for the safety of other persons and planes; and that he failed and refused to yield the right-of-way to plaintiffs' plane, which was overtaken by defendant's plane prior to and at the time of collision.

The trial court in its instructions submitted those issues for determination by the jury, and an examination of the record discloses sufficient competent evidence to sustain an affirmative finding with relation thereto.

Defendant, for answer and cross-petition, denied generally that he was negligent as claimed by plaintiffs; alleged that plaintiffs expressly authorized him to use the diagonal runway; that the wind was in the right direction to do so; and that the use of the runways was controlled by wind socks and not a wind tee. He alleged that the accident and resulting damages were solely and proximately caused by negligence of plaintiffs and the pilot operating their plane under plaintiffs' direction, supervision, and control, which pilot, although having a clear view, failed to look and avoid striking defendant's plane as he made his final approach after defendant's plane had landed on the ground; failed to yield the right-of-way to defendant's lower-landing plane; did not have a proper pattern to land, and attempted to make a spot-landing on the hard-surfaced runway in use by defendant; and that without having his plane under reasonable control, made a premature landing directly

over and upon defendant's plane, which had previously landed.

The trial court in its instructions submitted the issues, thus traversing plaintiffs' allegations and those relating to the pilot's alleged negligence, and an examination of the record discloses sufficient competent evidence to have sustained an affirmative finding with relation thereto, but the jury found otherwise.

It will be observed that although defendant traversed generally the material allegations of plaintiffs' petition, he did not factually allege that plaintiffs were directly negligent, and there was no competent evidence in any event which could sustain a finding that plaintiffs, acting in any capacity, were themselves negligent in any manner proximately causing the accident.

On the other hand, the record now before us discloses no competent evidence of a relation of partnership, or principal and agent, or master and servant, or the like, or the existence of a joint enterprise with control or equal rights of the pilot and plaintiffs to control the movements of their plane, from which the pilot's negligence, if any, could be imputed to plaintiffs.

In the light of the foregoing, we do not deem it necessary to discuss or decide plaintiffs' contention that defendant could not recover upon his cross-petition in any event because he was guilty of contributory negligence more than slight as a matter of law within the purview of Fuelberth v. Splittgerber, 150 Neb. 309, 34 N. W. 2d 380.

It follows by analogy from the foregoing that instruction No. 2, given by the trial court, which informed the jury that defendant's cross-petition had been dismissed and that the only question they should consider was plaintiffs' right, if any, to recover from defendant upon their petition under the evidence and instructions given, was not prejudicially erroneous.

Likewise, instruction No. 5, given by the trial court, which told the jury that there was no evidence from

which they could find that plaintiffs themselves were guilty of negligence proximately contributing to the accident, and that there was no competent evidence that plaintiffs' pilot was at the time of the accident acting as either employee or agent of plaintiffs, or that they had or exercised any control over the operation of plaintiffs' plane at the time of the accident, thus no negligence, if any, of the pilot could be imputed or charged to plaintiffs, was also not prejudicially erroneous.

It is well established that: "A motion for a directed verdict must for the purpose of decision thereon be treated as an admission of the truth of all material and relevant evidence · submitted on behalf of the party against whom the motion is directed. Such party is entitled to have every controverted fact resolved in his favor, and to have the benefit of every inference that can reasonably be deduced from the evidence." Dickman v. Hackney, 149 Neb. 367, 31 N. W. 2d 232; Kipf v. Bitner, 150 Neb. 155, 33 N. W. 2d 518. By analogy, the same rule applies to a motion for judgment notwithstanding the verdict. Remmenga v. Selk, 150 Neb. 401, 34 N. W. 2d 757.

It is also the rule that in negligence cases the trial court should sustain a motion for directed verdict, or for judgment notwithstanding the verdict, only when the evidence, viewed in the light most favorable to the party against whom the motion is directed, fails to establish actionable negligence. Hughes v. Coniglio, 147 Neb. 829, 25 N. W. 2d 405.

Likewise, "In a law action it is error for the trial court to direct a verdict for either of the parties on an issue of fact on which the evidence is conflicting. Such issue should be submitted to the jury for their determination." Spaulding v. Howard, 148 Neb. 496, 27 N. W. 2d 832.

In the light of those rules and previous discussion, we conclude that the evidence was sufficient to sustain the verdict and judgment, and that the trial court did not

err in respectively disposing of the motions aforesaid or in giving instructions Nos. 2 and 5.

The court's refusal to give instructions Nos. 1 and 2, requested by defendant, was not prejudicially erroneous. The substance thereof was in all material respects, although by use of different phraseology, included within instruction No. 11 given by the trial court on its own motion. The applicable rule is that: "A judgment will not ordinarily be reversed for refusing to give tendered instructions where other instructions given by the court fairly and correctly covered the issues involved in the tendered instructions." Blanchard v. Lawson, 148 Neb. 299, 27 N. W. 2d 217.

The court's refusal to give defendant's requested instructions Nos. 3 and 5 was assigned as error, but not otherwise discussed in the brief. The rule applicable thereto is: "Errors assigned but not discussed will not be considered by this court." Little v. Loup River Public Power District, 150 Neb. 864, 36 N. W. 2d 261.

Instruction No. 3, given by the trial court, which purported to impose the burden of proof upon both plaintiffs and defendant, was prejudicially erroneous. In that connection, it will be noted that the issue of plaintiffs' contributory negligence, direct and imputed, had been theretofore eliminated from the case, thus defendant had no burden of proof remaining with relation thereto.

In that situation, the burden was entirely upon plaintiffs, before they would be entitled to recover, to prove by a preponderance of the evidence that defendant was negligent in one or more of the particulars, as alleged in plaintiffs' petition, that such negligence was a proximate cause of the accident from which plaintiff suffered damages to their plane, and the extent of such damages. Without such proof, plaintiffs would thereby affirmatively fail to sustain the necessary elements of their alleged cause of action, and defendant would be entitled to a directed verdict and judgment, or judgment notwithstanding the verdict.

It is generally the rule that: "When separate and independent acts of negligence by different persons combine to produce a single injury, each participant is liable for the resulting damages, though one of them alone might not have caused the injury." Bergendahl v. Rabeler, 133 Neb. 699, 276 N. W. 673.

Therefore, if the pilot and defendant were both concurrently negligent, and the negligence of both combined to proximately cause the accident and damages to plaintiffs' plane, then plaintiffs could still recover from defendant, since the issue of contributory negligence, direct and imputed, was no longer available as an affirmative defense.

As a matter of course, if defendant were not negligent, or his negligence were not a proximate cause of the accident, i. e., if negligence of the pilot were the sole and proximate cause, as alleged by defendant, then plaintiffs could not recover. Instruction No. 6, given by the trial court, correctly stated the applicable rules with regard to concurrent negligence and proximate cause with relation thereto.

We conclude that the allegations in defendant's answer that the pilot was negligent, and that his negligence was the sole and proximate cause of the accident and resulting damages, was not an affirmative plea in avoidance of plaintiffs' cause of action, but rather one entirely consistent with and provable under the general issue to deny, negative, controvert, or destroy the plaintiffs' affirmative allegations of negligence by defendant.

In City of McCook v. McAdams, 76 Neb. 11, 114 N. W. 596, relied upon by plaintiffs, the defendant's answer contained an affirmative factual avoidance of plaintiffs' cause of action, the effect of which was to allege that defendant was not negligent, but if it were, the damages would have occurred in any event because of an act of God. Thereby the case is distinguishable from that at bar, wherein, if defendant were negligent and such negligence proximately caused the accident, as affirma-

tively alleged by plaintiffs, his liability would be established beyond peradventure of a doubt.

As stated in 45 C. J., Negligence, § 730, p. 1141, citing cases too numerous to set forth herein: "Defendant may also show under the general issue that the injury was caused by the negligence of a third person for whom he was not responsible, such as by an independent contractor; and this rule applies, although other reasons for the accident are set up in the answer, * * *." See, also, 41 Am. Jur., Pleading, §. 366, p. 541. Viewed in that light, the burden of proof was not affirmatively imposed upon defendant to establish such a defense and thus prove that he was not negligent. Rather, under the circumstances presented here, the burden was affirmatively imposed upon plaintiffs to prove all the necessary material elements aforesaid, and thus establish defendant's liability, as the jury were correctly informed in the first paragraph of instruction No. 3 given by the trial court.

However, in the second paragraph of the same instruction, the trial court, evidently overlooking the fact that the issue of contributory negligence, direct and imputed, had been removed from its consideration, inconsistently and erroneously instructed the jury that: "The burden of proof is upon the defendant to prove every material affirmative allegation in his answer by a preponderance of the evidence except as the same may have been established by the allegations of plaintiffs in their petition or by agreement of the parties during the progress of the trial. The defendant alleges that the accident and collision of the airplanes, in this case, occurred by reason of negligence on the part of the pilot of plaintiffs' airplane, and the burden is therefore upon the defendant, to prove the same by a preponderance of the evidence."

The rules applicable to such a situation will be found in Omaha Street Ry. Co. v. Boesen, 68 Neb. 437, 94 N. W. 619, wherein it was held: "The giving of an instruction which places the burden of proof to establish some

of the facts put in issue by the pleadings on the wrong party, is reversible error.

"It is error to give the jury instructions which contain inconsistent and conflicting paragraphs relating to the burden of proof. Farmers' Bank v. Harshman, 33 Neb. 445, approved and followed." See, also, Mercer v. Omaha & C. B. St. Ry. Co., 108 Neb. 532, 188 N. W. 296, and Myers v. Willmeroth, 150 Neb. 416, 34 N. W. 2d 756.

For the reasons heretofore stated, the judgment of the trial court should be and hereby is reversed, and the cause is remanded for new trial.

REVERSED AND REMANDED.