LOLA WELSTEAD, APPELLANT, V. JIM RYAN CONSTRUCTION CO., A CORPORATION, ET AL., APPELLEES.

69 N. W. 2d 308

Filed March 11, 1955.  No. 33641.

*Webb, Kelley, Green & Byam,* for appellant.

*Fraser, Connolly, Crofoot & Wenstrand,* for appellees.

Heard before SIMMONS, C. J., CARTER, MESSMORE, YEAGER, CHAPPELL, WENKE, and BOSLAUGH, JJ.

CHAPPELL, J.

Plaintiff Lola Welstead brought this action against defendants Jim Ryan Construction Co., a corporation, and James G. Ryan, seeking to recover damages for personal injuries allegedly caused by a collision of motor vehicles which occurred at about 9:15 a. m. on August 10, 1951, near the intersection of Forty-ninth and Dodge Streets in Omaha. Upon trial to a jury, it returned a verdict for defendants, and judgment was rendered thereon. Plaintiff's motion for new trial was overruled and she appealed, assigning in substance that: (1) The verdict and judgment were not sustained by the evidence; (2) the trial court erred in the admission and exclusion of certain evidence; and (3) the trial court erred in the giving and failing to give appropriate required instructions. We sustain the last assignment.

The following is admitted by the pleadings and evidence, to wit: At time of accident plaintiff was a guest passenger riding in the front seat of a 1946 Ford two-door sedan owned and driven by her husband. It will be designated as the Welstead car. Also at time of accident defendant James G. Ryan owned a 1950 GMC

three-quarter-ton truck driven with his consent by an employee of defendant Jim Ryan Construction Co., also owned and operated by defendant James G. Ryan. Such company will be designated as defendant corporation. Defendant James G. Ryan will be designated as defendant Ryan, and his truck will be designated as defendants' truck. Dodge Street is a four-lane street extending east and west to and from Omaha. It is intersected by Forty-ninth Street. Plaintiff's driver approached the intersection from the west while driving about 20 miles an hour in the outside or south lane of Dodge Street. The red traffic signal light at Forty-ninth Street appeared and he stopped his car about half a car length behind the last of several others waiting for the signal to change. His brakes were on and his car was in low gear with the clutch depressed.

Also there is evidence in the record from which it could be reasonably concluded as follows: That a 1948 Chevrolet car hereinafter called the Kemmy car, driven by a Mrs. J. F. Kemmy, had previously followed the Welstead car 15 or 20 feet to the rear thereof, and stopped from 3 to 5 feet behind it. At that time the only eastbound traffic was all in the south or outside lane, and the rest of the street, including a passing lane on the left and also a parking lane on the right, was clear for eastbound traffic. Nevertheless, while the Welstead car and the Kemmy car were stopped as aforesaid, the Ryan truck, while operated in high gear, crashed into the rear of the Kemmy car, knocking it forward with force and violence into the rear of the Welstead car, which caused plaintiff's injuries.

On the other hand, there is evidence from which it could be reasonably concluded as follows: That plaintiff's driver stopped his car suddenly behind several cars ahead of it, without making any hand and arm signal that he intended to do so. Also that defendant's employee was driving defendant's truck about 15 miles

an hour one-half car length behind the Kemmy car, when it stopped quickly or suddenly right in front of him, and his front bumper collided lightly with the rear bumper of the Kemmy car after there had been a collision between the Kemmy car and the Welstead car.

Evidence with regard to damages sustained by the respective vehicles was substantially as follows: That the transmission gears and the trunk lid, bumper, bumper brackets, and gravel guards on the rear of the Welstead car were damaged. That the windshield of the Kemmy car was shattered on the right side where Mrs. Kemmy's little boy struck it with his head. Also, the center grille and "T" bar on the grille, at the front of the Kemmy car, were damaged and had to be replaced. The grille had been punctured by a trailer hitch on the rear of the Welstead car. The damage to the rear of the Kemmy car was a dent in the taller center bumper guard, which after the accident was left askew. The damage to the front of defendants' truck was a dent in its bumper. However, such damage was claimed by defendants to have been caused by a prior accident.

It is elementary that when evidence with relation to negligence is conflicting or such that minds may reasonably reach different conclusions therefrom with regard to its existence, the issue should be submitted to the jury for its determination. Further, as held in Bolio v. Scholting, 152 Neb. 588, 41 N. W. 2d 913: "In determining the sufficiency of evidence to sustain a verdict it must be considered most favorably to the successful party, any controverted fact resolved in his favor, and he must have the benefit of inference reasonably deducible from it.

"The verdict of a jury, based on conflicting evidence, will not be disturbed unless clearly wrong."

In the light of such rules and the evidence heretofore set forth, we conclude that the issues of negligence were questions for the jury and that the verdict of the jury

was supported by competent evidence. Therefore, the first assignment has no merit.

Plaintiff contended that the trial court erred prejudicially in excluding most of her medical testimony that plaintiff's injuries were caused by the accident. In that regard, plaintiff's physician testified that she had a lumbosacral sprain. When asked whether in his opinion such disability was the result of the accident involved, plaintiff's physician answered: "I most certainly think so." Thus, if any error were theretofore committed, it was cured by the answer thus given. Plaintiff's contention has no merit.

One of plaintiff's contentions specifically assigned that the court erred in permitting defendants' employee to speculate that there was a collision between the Welstead car and the Kemmy car before his truck collided with it. That alleged error was not argued in plaintiff's brief and will not be further considered here because this court has consistently held that: "Errors assigned but not discussed will not ordinarily be considered by this court." Umberger v. Sankey, 151 Neb. 488, 38 N. W. 2d 21.

Plaintiff argued that the court erred in excluding evidence that her injuries were permanent, and erred in excluding the life tables of expectancy offered by her. However, instruction No. 1, which summarized the allegations of plaintiff's petition, did recite her age and alleged expectancy. Further, when plaintiff's physician was asked whether plaintiff would require further medical attention, he answered in part: "Medically, as far as we are concerned the duration is too indefinite to know. I don't think any doctor would put a time limit on these things. It is one of those things that is hard to prognose, because they are such aggravating things." He was then asked whether plaintiff's injuries and disability were permanent, whereupon objection thereto was sustained upon the ground that it had already been asked and answered. We conclude that such

ruling was correct, because the applicable and controlling rule is that: "Damages for permanent injuries cannot be based upon mere speculation, probability, or uncertainty, but must be based upon competent evidence that permanent damages, clearly shown, are reasonably certain as a proximate result of the injury." Borcherding v. Eklund, 156 Neb. 196, 55 N. W. 2d 643. See, also, Schwarting v. Ogram, 123 Neb. 76, 242 N. W. 273, 81 A. L. R. 769. Further, life tables of expectancy may be properly received in evidence only when there is competent evidence that the claimed injuries are permanent. Lyons v. Joseph, 124 Neb. 442, 246 N. W. 859. Plaintiff's contention has no merit.

In Thurow v. Schaeffer, 151 Neb. 651, 38 N. W. 2d 732, this court held: "The trial court has the duty to instruct the jury on issues presented by the pleadings and evidence, whether requested to do so or not, and a failure so to do constitutes prejudicial error." In that regard, plaintiff argued that the trial court failed to properly instruct upon the question of deviation from the course of his employment by defendants' employee, which was alleged as a defense. Instruction No. 2 submitted such pleaded defense to the jury as an issue, and second instruction No. 6 submitted that issue to the jury by an abstract statement of a rule of law which had no application to the evidence adduced.

In Dafoe v. Grantski, 143 Neb. 344, 9 N. W. 2d 488, this court held: "Where, in driving an automobile, the deviation by a servant from the direct route to a destination is slight and not unusual the court may, as a matter of law, determine that the servant was still executing his master's business; where the deviation is very marked and unusual, the court may determine, as a matter of law, that the servant was not on the master's business; cases falling between these extremes will be regarded as involving a question of fact, to be left to the jury."

This record discloses that defendant Ryan instructed

defendants' driver to go from defendant corporation's yard at Sixty-fifth and Sprague Streets to Twenty-second and L Streets in South Omaha to pick up a harrow and deliver same to one of their other construction jobs at Eighty-sixth and Pacific Streets. He was on such mission at the time of the accident. There is no evidence that defendant Ryan ever instructed defendants' driver in so doing "to drive said automobile truck south from Ames Avenue on 72nd Street to 'L' Street, and then east to 22nd Street," as alleged in defendants' amended answer and submitted to the jury by instructions Nos. 2 and 6, as a pleaded issue supported by evidence. The evidence simply was that defendants' driver could have gone south on Seventy-second Street, crossing Dodge to L Street, thence east to Twenty-second Street, or he could have taken equally direct routes to the same destination by turning east on Dodge Street at Seventy-second or Fiftieth Streets, as he did, thence east across Forty-ninth Street, where the accident occurred, to either Forty-second or Twenty-fourth Streets, and turned south on either of such streets to L, thence east to Twenty-second Street. Under such circumstances, the mere fact that defendants' driver said he intended to or did subsequently drive on down beyond Forty-ninth Street to the police station to dispose of a traffic ticket would not change the situation.

In Styskal v. Brickey, 158 Neb. 208, 62 N. W. 2d 854, this court held: "It is error to submit issues upon which there is no evidence to sustain an affirmative finding." In that opinion we said: " ' "This court has often pointed out that it is error to submit issues upon which there is no evidence to sustain an affirmative finding. It is the duty of trial courts to determine the issues upon which there is competent evidence and submit them, and them only, to the jury. The submission of issues upon which the evidence is insufficient to sustain an affirmative finding is generally very prejudicial and invariably results in a second trial." (Johnson v. Anoka-Butte Lum-

ber Co., 141 Neb. 851, 5 N. W. 2d 114.)' Simcho v. Omaha & C. B. St. Ry. Co., 150 Neb. 634, 35 N. W. 2d 501."

As we view it, there was no evidence to sustain any issue of deviation as pleaded by defendants and submitted by the court. That question was a matter of law for the court. The issue of deviation should not have been submitted to the jury as an issue for its determination, and such action was erroneous.

Plaintiff argued that instruction No. 2, which summarized the allegations of defendants' answer, was also prejudicially erroneous because it in effect factually told the jury that the Kemmy car collided with the Welstead car before defendants' truck arrived at the scene. An examination of the instruction discloses that its language could not be so construed upon any logical theory. The contention has no merit.

The trial court, in instruction No. 5 and first instruction No. 6, defined preponderance of evidence, negligence, ordinary care, and proximate cause. The only other instruction given with relation to negligence of the parties was No. 4, which plaintiff argued was prejudicially erroneous in several particulars. We sustain such contention.

In that regard, plaintiff's petition alleged in substance that defendants' driver was guilty of negligence in failing to keep a proper lookout and in failing to have defendants' truck under proper control; that as a direct and proximate result of such alleged negligence, the accident occurred; and that plaintiff sustained personal injuries. It should be noted that the trial court gave no instruction whatever defining the duty of drivers of motor vehicles to keep a proper lookout or to have their vehicles under reasonable control.

In their answer, defendants denied generally and expressly denied that their driver was guilty of any negligence which in any way proximately caused or contributed to cause the accident and plaintiff's injuries.

They further alleged that the collision between the Welstead and Kemmy cars occurred prior to the arrival of their truck, and if plaintiff sustained any injuries they were caused by that collision without any negligence of any kind by defendants' driver. Plaintiff's reply denied generally.

In the light of the foregoing, defendants attempted to establish by evidence that plaintiff's driver made an abrupt stop without giving any hand signal of his intention to stop behind the other several cars ahead of him; that the Kemmy car stopped quickly or suddenly, crashing into the rear of the Welstead car; and that thereafter defendants' driver only lightly struck the rear of the Kemmy car. The effect thereof was to claim that negligence of the drivers of the Welstead or Kemmy cars or both of them was the sole proximate cause of the accident and that no negligence of defendants' driver proximately caused or contributed to the accident and plaintiff's injuries.

In that connection, contrary to defendants' contention, we have held that such a defense was one entirely consistent with and provable under the general issue. As held in Styskal v. Brickey, *supra:* "Where it is claimed that the conduct of another, not a party to the suit, was the sole proximate cause of the accident such defense is not an affirmative plea in avoidance of plaintiff's cause of action and imposes no burden of proof upon defendant with relation thereto but is one entirely consistent with and provable under the general issue. However, some place in the instructions the jury should be advised that if it should find the sole proximate cause of the accident in which plaintiff was injured was the negligence of the other then its verdict should be for the defendant."

We have also held that: "When separate and independent acts of negligence by different persons combine to produce a single injury, each participant is liable for the resulting damages, though one of them alone

would not have caused the result." Umberger v. Sankey, *supra.*

In the light of the foregoing situation we have examined instruction No. 4. It told the jury in substance that before plaintiff could recover from defendants, the burden was upon her to prove by a preponderance of the evidence: (1) That defendants' driver was guilty of negligence in the operation of defendants' truck, without adding thereto the words "in one or more particulars as alleged by plaintiff"; (However, such erroneous omission was favorable to plaintiff.) (2) that his negligence was the proximate cause of the collision between the Welstead and the Kemmy cars; (3) that the collision of defendants' truck with the Kemmy car was the proximate cause of the Kemmy car colliding with the car in which plaintiff was riding; and (4) that plaintiff's injuries were caused by the collision between the car in which she was riding and the Kemmy car. The instruction then said: "If you find that plaintiff has proved by a preponderance of the evidence that the defendants' driver was guilty of negligence in the operation of defendants' truck, and that the negligence of defendants' driver caused the collision and injury to plaintiff, then your verdict will be in favor of the plaintiff in whatever sum you may find she has been damaged, but if plaintiff has failed to prove *any one of the features stated above,* then your verdict will be in favor of the defendants." (Italics supplied.)

As we view it, the effect of such instruction was to clearly tell the jury that plaintiff could not recover unless she proved by a preponderance of the evidence that negligence of defendants' driver was the sole proximate cause of the accident and plaintiff's injuries. Thus, the instruction was prejudicially erroneous. It placed too great a burden upon plaintiff, because in order to recover under the pleadings and evidence, any negligence of her driver was not imputed to her and she was only required to prove by a preponderance of evidence that

defendants' driver was negligent in some manner as alleged, and that such negligence was a proximate cause of the accident and plaintiff's injuries.

In Danielsen v. Eickhoff, 159 Neb. 374, 66 N. W. 2d 913, this court recently said: "The question of whether or not the drivers of the two cars were negligent, or which of them was negligent, if either, and whether that negligence was 'a' or 'the' proximate cause of the accident, were questions put in issue by the pleadings and evidence.

"The issue of the proximate cause was a direct and possibly a controlling issue. * * *

"Under the issues as made here as to proximate cause, it is sufficient to sustain a verdict for plaintiffs that the negligence of the defendants be a proximate cause, but to sustain a verdict for the defendants, avoiding the negligence of the defendants, if any, the negligence of the driver of the Wiltsie car must be found to be the proximate cause." Substitute the Welstead or Kemmy cars or both of them for the Wiltsie car and we have a parallel situation in the case at bar.

For reasons heretofore stated, the judgment of the trial court should be and hereby is reversed and the cause is remanded for further proceedings in conformity with this opinion.

REVERSED AND REMANDED.