Andrew D. SHERMAN, Appellant,

v.

Violet Jean LAWLESS, Administratrix of the Estate of James L. Lawless, Deceased, Appellee.

No. 16789.

United States Court of Appeals
Eighth Circuit.

Feb. 5, 1962.

Rehearing Denied March 6, 1962.

L. J. Tierney, Omaha, Neb., for appellant and was on the brief.

George B. Boland, Omaha, Neb., for appellee and Clarence R. Sowers, Wichita, Kan., Richard L. DeBacker, Grand Island, Neb., and A. Lee Bloomingdale, Omaha, Neb., were with him on the brief.

Before SANBORN and VAN OOSTERHOUT, Circuit Judges, and GRAVEN, Senior District Judge.

VAN OOSTERHOUT, Circuit Judge.

Defendant appeals from final judgment entered against him in plaintiff's wrongful death action tried to the court without a jury. Plaintiff, Violet Jean Lawless as Administratrix of the Estate of James L. Lawless, Deceased, brought this action to recover for the wrongful death of James L. Lawless, alleged to have been proximately caused by the negligence of the defendant in the operation of his truck and trailer at a point on U. S. Highway No. 281, five miles north of Grand Island, Nebraska, about 3:30 a. m. on September 12, 1958.

Jurisdiction, based upon diversity of citizenship and the requisite amount, is established.

Defendant admits that he was operating his truck on the highway at the time and place alleged, but denies that he was guilty of any negligence which in any way proximately caused the injury resulting in the death of Mr. Lawless. Defendant denied that his truck hit Mr. Lawless and that he inflicted the injuries causing Mr. Lawless' death. By way of affirmative defense, defendant asserted that Lawless was guilty of negligence more than slight in lying in a prone position on the traveled portion of the highway, dressed in dark clothing, on a dark night, and that his injuries were caused by his own negligence or by some unknown aggressor.

This case was tried to the court without a jury, no jury having been requested by either party. The court, after hearing all the evidence, filed findings of fact and conclusions of law and entered judgment for the plaintiff. This appeal followed.

The errors relied upon by defendant for a reversal may be summarized as follows:

1. There is no substantial evidence that defendant was guilty of any negligence which proximately caused the accident.

2. There is no substantial evidence to support the court's finding and conclusion that defendant's truck or trailer struck and injured Mr. Lawless, or in any event there is no substantial evidence to support the finding that the injuries causing Mr. Lawless' death were inflicted by defendant's truck or trailer.

3. The evidence conclusively shows that Mr. Lawless was guilty of contributory negligence more than slight, such as would defeat any right to recover damages.[1]

This case presents a most unusual factual situation. It is established that during all times here material, Mr. Lawless was lying in the middle of the north bound traffic lane of Highway No. 281, at a point about five miles north of Grand Island, Nebraska. He was lying on his left side with his head to the north, and facing east. His body was approximately parallel to the edge of the pavement. He was dressed in dark clothing. The night was dark. The pavement was asphalt and had been patched in places, which patches appeared as dark splotches.

Defendant left Grand Island about 3:00 a. m. on the morning of the accident with his truck and trailer, which with their load weighed approximately 19,000 pounds, to deliver some farm machinery to South Dakota. From the outskirts of Grand Island to the point of the accident, he was following an unloaded Chevrolet panel bread truck operated by Mr. Downing. Defendant was traveling at a speed of just under fifty miles per hour and his headlights were on low beam, illuminating the highway some 150 feet ahead of him.

The bread truck driver had his bright lights on. As he approached the object, which turned out to be decedent's body, he braked his truck, then first started to turn to the right, and then turned to the left, avoiding all contact with decedent's body. As he did so, his brake lights flashed. Mr. Downing cannot say how far he was away from the body when he first discovered its presence on the pavement.

Mr. Downing, after passing the body, stopped his bread truck and through his rear mirror saw defendant's truck as its wheels straddled Lawless' body. Defendant and Downing immediately got out of their vehicles and went to Mr. Lawless and found him to be unconscious. Both testified that the body appeared to be in substantially the same position after the accident as before. Mr. Lawless never regained consciousness, and died that afternoon.

The findings of fact signed by the trial court, which were prepared by plaintiff's counsel, appear to be very general in form. There is a finding that the defendant was guilty of negligence but there is no finding as to the specific type of negligence. No purpose will be served in considering the numerous specifications of negligence discussed by counsel and the evidence relating thereto. While the evidence bearing upon defendant's negligence is far from conclusive,[2] we shall assume for the purpose of this case that the court was justified in finding defendant guilty of negligence in some respect in the operation of his truck.

The burden is upon plaintiff to prove the essential elements of her cause of action by a preponderance of the evidence. In addition to proving negligence, the plaintiff must prove "that such negligence was a proximate cause of the accident, and that damages were caused as a result together with the extent thereof." Johnsen v. Taylor, 169 Neb. 280, 99 N.W. 2d 254, 261.

---

1. Other errors are asserted but are not set out as consideration of such errors is not reached, because of the view that we take upon the errors set out.

2. See Adamek v. Tilford, 125 Neb. 139, 249 N.W. 300, 301; Weisenmiller v. Nestor, 153 Neb. 153, 43 N.W.2d 568, 571.

In the case just cited, the court upheld the direction of the verdict for the defendant, stating in part:

"The evidence of damages is required to be direct and certain. Proof that damage might or could have been caused or was probably caused by the accident is not sufficient to sustain a verdict for a claimant. Such evidence is not of the quality required to satisfy the burden of a claimant to establish by a preponderance of evidence an injury and the extent thereof." 99 N.W. 262.

The court in support of its holding cites and quotes from Bitler v. Terri Lee, Inc., 163 Neb. 833, 81 N.W.2d 318, 319, and Welstead v. Jim Ryan Const. Co., 160 Neb. 87, 69 N.W.2d 308, 309.

■ Thus it is essential for plaintiff in order to recover to prove that the injury causing Mr. Lawless' death was inflicted by defendant's truck. It is established by expert medical testimony, as the trial court properly found, that death was caused by a severe brain injury. The trial court found such injury was caused by defendant's operation of his truck. Defendant challenges the sufficiency of the evidence to support such finding. The crucial question presented is whether there is substantial evidence to support the finding of the court that the truck caused the brain injury that resulted in Mr. Lawless' death.

We recognize that the testimony of the examining physician shows that decedent had received many injuries in addition to the brain injury, including laceration of the rectal area extending into the abdomen, fractured ribs, numerous brush burns, lacerations and bruises, as well as other injuries. However, there is no proof that any injury except the brain injury caused death.

■ Under well-established standards for review of findings of fact by the trial court sitting without a jury, the trial court's findings must be accepted unless they are clearly erroneous. The trial court's findings cannot be upset if they are supported by substantial evidence. For the purpose of determining the sufficiency of the evidence to support the judgment, we must of course view the evidence in the light most favorable to the prevailing party, here the plaintiff, and give such party the benefit of all inferences that may reasonably be drawn from the evidence. Plaintiff may establish her case by circumstantial evidence as well as by direct evidence. However, the evidence must be such as to make the plaintiff's theory of causation reasonably probable, not merely possible. Johnsen v. Taylor, supra. If the proven facts go no further than to give equal support to two inconsistent inferences, the judgment must go against the party upon whom rests the burden of proof. See Ford Motor Co. v. Mondragon, 8 Cir., 271 F.2d 342.

There is no direct evidence establishing that decedent's injuries were inflicted by defendant's truck. The testimony of Mr. Downing, who observed the movement of defendant's truck, is that defendant's truck successfully straddled the body.

The circumstantial evidence affords no reasonable basis for supporting the finding that defendant's truck inflicted decedent's fatal brain injury. On the contrary, the circumstantial evidence negates plaintiff's theory that substantial contact between the truck and the decedent took place, as is demonstrated by the following items:

1. The minimum clearance of the truck and trailer, as established by the evidence and found by the court, is not less than 10½ to 11 inches. Decedent was "tall and very slender." He was 6 feet 3 inches tall and weighed only 150 pounds. Under such circumstances, it is entirely possible for defendant's truck to pass over the body without inflicting substantial injury. No basis exists for an inference from such physical facts that decedent of necessity must have been fatally injured when the truck passed over him.

2. Defendant's testimony is that he neither felt nor heard any impact as the truck passed over the body.

3. There were no wheel marks or grease or dirt stains from the truck undercarriage on decedent's person or clothing or any physical evidence connecting his injuries with the truck.

4. Two highway patrolmen who went to the scene of the accident inspected the undercarriage of the truck at the scene with a flashlight and again in daylight several days later and could find no blood marks or any other evidence that the undercarriage had come in contact with the man.

5. Although decedent had numerous brush marks and lacerations, the patrolmen could find no evidence of any scuff marks or scrapings on the pavement.

6. The testimony of Downing and defendant, the only eye witnesses, is that decedent was in substantially the same position on the pavement after defendant's truck had passed him as he was before.

7. Defendant was traveling north. Decedent was at all times material lying approximately in the middle of the north bound traffic lane with his head to the north. Thus, his head was the last portion of the body passed over. The head is smaller than the body and clearance adequate for the body would appear to be sufficient to afford clearance for the head.

8. Defendant and Downing, as a result of their observations immediately after the incident, both testified that there was a large blood pool about 12 inches in diameter on the east half of the pavement, about 10 feet south of the position of the decedent's body. No such blood pool was in evidence at the point of the body. Such testimony was corroborated by officer McFall. Officer French confirmed the existence of the blood stain but said it was 10 feet north (rather than south). The trial court found the blood stain was to the north. If such finding is warranted, the blood stain was at a point that the decedent's body never reached as a result of the accident. If the substantial blood stain was to the south, it could hardly have been caused by injuries inflicted by the defendant. A doctor's testimony is that some time would be required to accumulate a blood stain of the size described. Such amount of blood could not possibly accumulate in the brief interval during which defendant's moving truck might have been shoving the body forward.

9. Decedent's attending physician testified that decedent would not be ambulatory after receiving the brain injury. The physician who performed the autopsy was unwilling to say that the injuries he found would have made it impossible for decedent to have crawled some distance.

10. A prior disabling injury appears to be a reasonable explanation for decedent's presence in a hazardous position, lying prone in the middle of defendant's traveled lane on a primary highway.

Decedent on the night of the accident was last heard from directly by his sister by means of a telephone call made to her from a tavern in Grand Island. Decedent asked her to drive his wife and boys to Hastings by daylight. He said he felt a little under the weather, and that he had traveled to Grand Island with a number of other guys, who went off and left him and that he would either have to hitch hike or walk back to Hastings. He also said he almost got into a fight but did not say with whom. Hastings is about 25 miles south of Grand Island. Decedent in his injured condition was found 5 miles north of Grand Island. The only other possible testimony relating to decedent's whereabouts is that of Mr. Hogins who was traveling south to Grand Island on the highway in question, about 3:00 a. m. Mr. Hogins met defendant as he was leaving Grand Island in his truck. Mr. Hogins stated as a witness that he encountered an unidentified man on the highway about 5 miles north of Grand Island; that the man was walking from the east side of the highway, northwest toward his car; that Mr. Hogins was frightened and pulled to his right and avoided hitting the man. The trial court in its findings, among other things, states:

"As the defendant got within 75 feet of the man, he could see the clothing on the pavement. When he got within 50 feet of the man, he could see the outline of his leg. He could see that the man was lying on his left side. As he approached closer, he could see the man's features and that he had a satisfied look on his face. He did not see any blood or injuries of any kind on the man's face at that time."

Defendant testified "when he was 50 feet away, he then saw the form of a person's leg. It was at this point about 50 feet away when he saw that it was a human being when he saw the leg, and then the next thing he saw the man raise his leg or his face or it seemed to, and then he went, because of the radiator of the truck, out of view. * * * It seemed as though he raised his head just a little bit."

Upon the basis of such testimony, the plaintiff contends that substantial evidence exists that the man was uninjured and conscious immediately before the truck passed over him. Plaintiff also relies upon the statement by defendant made to a patrolman that he knew the undercarriage would strike the decedent. However, in connection with this statement, he also said that he felt or heard no impact as the truck passed over the body.

Our examination of the entire record convinces us that there is no substantial evidence to support the trial court's finding that the fatal brain injury was inflicted by defendant's truck. Plaintiff, having failed to meet the burden imposed upon her to prove this essential element of the cause of action, is not entitled to recover.

We observe that this is not a case involving joint or concurring negligence. Whatever force caused any prior injuries to decedent on the highway had come to an end before defendant's truck came upon the scene. In Weisenmiller v. Nestor, 153 Neb. 153, 43 N.W.2d 568,

572, the Nebraska court thus states the rule that applies:

"In that connection, this is not a case involving joint or concurring negligence of two or more persons thus imposing liability upon defendant as a joint tortfeasor. If defendant is liable to plaintiff for injuries and damages, he is liable for only such as a preponderance of the evidence shows that plaintiff sustained as a proximate result of defendant's negligence as distinguished from those, if any, caused by others. In other words, if defendant negligently operated his car and thereby proximately caused injuries to plaintiff, then defendant is liable to respond in damages for the injuries inflicted by his car."

Moreover, if contrary to what we have heretofore said, an evidentiary basis can be found for supporting the contention asserted by plaintiff that decedent had not suffered the disabling, fatal brain injury prior to the arrival of defendant's truck, we would be compelled to uphold defendant's contention that decedent was guilty of negligence more than slight as a matter of law.

Under Nebraska law, contributory negligence is an affirmative defense and the burden is upon defendant to establish the defense. Nisi v. Checker Cab Co., 171 Neb. 49, 105 N.W.2d 523.

Here the evidence conclusively establishes that decedent, as defendant approached, was lying on the traveled path of traffic on a primary highway, on a dark night, in dark clothing. Decedent's action in assuming such a hazardous position, if done voluntarily, would manifest a very high disregard for his own safety, and such conduct, in the absence of any reasonable explanation or excuse therefor, would in our view establish contributory negligence more than slight as a matter of law.

The judgment appealed from is reversed.